# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAMAN & CUSIMANO LLC,<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. MAHLON OIE ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class members"), by and through his attorneys, brings this action to challenge the actions of KAMAN & CUSIMANO LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused

Plaintiff damages.

3. Plaintiff makes these allegations on information and belief with the exception of those allegations that pertain directly to Plaintiff themselves, which Plaintiff alleges on personal knowledge.

4. While many violations are described with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

7. All violations alleged regarding the FDCPA are material violations of the statute as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt in a timely manner.

8. Through this complaint, Plaintiff do not allege that any state court judgment was entered against any Plaintiff in error, and Plaintiff do not seek to reverse or modify any judgment of any state court.

9. Unless otherwise indicated, the use of "Defendant" in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

10. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

11. The "least sophisticated debtor" standard applies to questions of violations of 15 U.S.C §§ 1692 *et seq*. *Wade v. Regional Credit Association,* 87 F.3d 1098, 1100 (9th Cir. 1996). "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions, LLC,* 499 F.3d 926, 934 (9th Cir. 2007)*.* "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061- 62 (9th Cir. 2011). This objective standard will ensures protection for all consumers – the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

## JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

13. This Court has general jurisdiction over this action.

14. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

15. Because Defendant does business within the State of Wisconsin, personal jurisdiction is established.

16. Venue of this particular Court is proper as Plaintiff is a resident and citizen of the County of Waukesha, State of Wisconsin, the conduct complained of herein arose from within the County of Waukesha, all harm was caused to Plaintiff within the County of Waukesha, in the State of Wisconsin, and Defendant regularly conducts business in this county, and unlawful acts or omissions have occurred within the County of Waukesha, in the State of Wisconsin.

## PARTIES

16. Plaintiff is a natural person who resides in Waukesha, Wisconsin, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is consumer as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a limited liability company organized under the laws of the State of Ohio, with a principal place of business located at 9000 W. Chester Street, Suite 100, Milwaukee, Wisconsin, that engages in debt collection activities in the State of Wisconsin.

18. This case involves the obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of a consumer debt, as that term is defined by 15 U.S.C. § 1692a(5).

19. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22. Sometime before April 30, 2024, Plaintiff is alleged by Defendant to have incurred certain financial obligations to an original creditor, "The Sunset Homes Association Inc."

23. These financial obligations were primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. Sometime thereafter, Plaintiff is alleged by Defendant to have fallen behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff takes no position as to the validity of this alleged debt.

25. Subsequently, sometime before Aril 30, 2024, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection. At the time the alleged debt was assigned, placed, or transferred to Defendant, such obligation was allegedly in default.

26. On or around April 30, 2024, Defendant sent a letter to Plaintiff in an attempt to collect the alleged debt, (the "Collection Letter").

27. The April 30, 2024 Collection Letter was an initial communication, a "communication" as defined pursuant to 15 U.S.C. § 1692a(2), from a "debt collector" as that term is defined pursuant to 15 U.S.C. § 1692a(6), and constituted as debt collection governed by the FDCPA.

28. The Collection Letter from Defendant indicated the following under the heading "**How can you dispute the debt?**":

- Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. The law does not require our firm to wait until the end of the thirty-day period before suing your unit to collect this debt.

- **Call or write to us by May 10, 2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by May 10, 2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at billie.fatheree@kamancus.com

29. In addition, the Collection Letter from Defendant included the following under the heading "**What else can you do?**":

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by **May 10, 2024**, we must stop collection until we send you that information. You may use the form below or write to us without the firm. We accept such requests electronically at billie.fatheree@kamancus.com

5
Case 2:24-cv-00775-NJ   Filed 06/21/24   Page 5 of 13   Document 1

- **Go to www.cfpb.gov/debt-collectiom to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- **Contact us about your payment options.**

30. Regulation F, § 1006.34(b)(5) provides that the validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section, Regulation F, § 1006.34, and ending 30 days after the consumer receives or is assumed to receive the validation information.

31. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. § 6103(a), Saturdays, and Sundays) after the debt collector provides it.

32. Defendant's Collection Letter provided Plaintiff less than 30 days to dispute or validate the alleged debt, as Defendant's Collection Letter was dated April 30, 2024, and only allowed Plaintiff until May 10, 2024, to either dispute the alleged debt or request validation.

33. The above statements and/or omissions in Defendant's Collection Letter to Plaintiff and numerous other similarly situated consumers, were misleading and confusing to Plaintiff, and contradicted and overshadowed Plaintiff's right to dispute the debt.

34. Defendant's overshadowing of Plaintiff's rights under the FDCPA is confusing and misleading, especially from the perspective of the least sophisticated consumer.

35. Through the above conduct, Defendant has failed to adhere to the federal regulation that regulates its industry, a task that would be relatively easy for Defendant to follow; and instead, Defendant uses this omission in its attempt to place consumers at a financial and strategic

disadvantage and to competitively disadvantage debt collectors that abide by the rigors of the FDCPA.

36. Defendant's communication with Plaintiff violated 15 U.S.C. § 1692e and § 1692e(10) by Defendant's use of false or misleading representations and deceptive means in connection with its attempts to collect the alleged debt from Plaintiff, by misleading Plaintiff to believe and/or falsely representing that Plaintiff only had until "May 10, 2024", despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 30 days from Plaintiff's receipt of the April 30, 2024 notice and legally entitled under 15 U.S.C. § 1692g to have 30 days after receipt of Defendant's letter, to dispute the alleged debt and/or have it validated by Defendant.

37. Defendant's communication with Plaintiff also violated 15 U.S.C. § 1692f and 1692g by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt by demanding Plaintiff to pay the alleged debt within 30 days of the date of Defendant's letter, intentionally including language in its collection communications misleading Plaintiff to believe and/or falsely representing that Plaintiff only had until "May 10, 2024", despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 30 days from Plaintiff's receipt of the April 30, 2024, Collection Letter, and legally entitled under 15 U.S.C. § 1692g to have 30 days after receipt of Defendant's letter, to dispute the alleged debt and/or have it validated by Defendant.

38. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt in violation of the FDCPA by overshadowing, misrepresenting, misleading, and deceiving Plaintiff regarding Plaintiff's consumer rights under the FDCPA.

39. As a result of Defendant's unfair, deceptive, misleading, false, abusive and oppressive conduct in connection with its debt collection activities, Plaintiff, and each consumer that received Defendant's similarly worded collection notice, suffered an invasion of a legally protected interest under the FDCPA by being deceived by Defendant about their consumer rights specifically protected by the FDCPA, and other consumer laws.

40. Plaintiff and each consumer that received Defendant's similarly worded collection notice, was personally affected by Defendant's conduct, misrepresentations, and/or omissions in furtherance of Defendant's collection activities. Specifically, Plaintiff was affected personally by Defendant's April 30, 2024 collection letter described above and as a result of Defendant's debt collection activities because Plaintiff believed Defendant's misrepresentations in its April 30, 2024 (*i.e.,* representing that Plaintiff only had until "May 10, 2024", despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 30 days from Plaintiff's receipt of the April 30, 2024 letter under 15 U.S.C. § 1692g to have 30 days after receipt of Defendant's letter, to dispute and/or request validation of the alleged debt), which caused Plaintiff confusion, mental anguish, anxiousness, stress, fear, lost sleep, feelings of despair, and emotional distress, which has in turn affected Plaintiff's personal life and well-being.

41. Plaintiff's injuries are concrete as Defendant's misrepresentations are analogous to common law misrepresentation and conduct sounding in fraud.

42. Furthermore, as stated in this Complaint's introduction, Congress has recognized the aggressive, deceptive and abusive methods of debt collection by certain collection companies; and, in order to create a fair playing field and not give the abusive debt collectors a competitive advantage, Congress created laws such as the FDCPA to protect consumers like Plaintiff and the Class members. Should the Defendant be allowed to harass, humiliate, abuse and deceive Plaintiff

in the manner described above, collectors that try to collect in a lawful manner will be put at a competitive disadvantage, which is a risk brought about by such violations.

43. Lastly, such transgressions by Defendant would progress to worse behavior if Congress had not created laws to give vulnerable consumers a voice, legal relief, and redressability through the statute alleged herein.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this case as a Class Action on behalf of Plaintiff and all others similarly situated. Plaintiff represents, and is a member of, the following class (the "Class") defined as:

> All persons within the United States to whom Defendant sent an initial communication within one (1) year prior to the filing of this Complaint, which was substantially similar or identical to April 30, 2024, Collection Letter sent to Plaintiff in an attempt to collect an alleged debt.

49. Plaintiff represents, and is a member of, the Class because Plaintiff received the above-described debt collection communication from Defendant in Defendant's attempt to collect an alleged debt.

50. Defendant, its employees and agents are excluded from the Class.

51. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

52. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- As described in more detail above, Defendant illegally contacted Plaintiff and the Class members utilizing an initial communication substantially similar to the April 30, 2024, Collection Letter, in violation of the FDCPA,

- a strict liability statute, by failing to include the requisite information found in 15 U.S.C. § 1692g(a).

- Defendant's initial communications substantially similar to the April 30, 2024, Collection Letter are a part of a methodical and systematic illegal tactic and strategy by Defendant to mislead and restrict the time frame for consumers to dispute consumer debts alleged to be owed by them which disadvantage these consumers and competitively disadvantage's other debt collectors.

53. This suit seeks only damages and relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

54. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as additional facts are learned in further investigation and discovery.

55. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

56. The Class can be identified through the business records of Defendant.

57. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the one year prior to the filing of this Complaint, Defendant sent initial communications to consumers that were substantially similar to

the April 30, 2024, initial communication Defendant sent to Plaintiff;

- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

58. As persons that received a letter substantially similar to the April 30, 2024, initial Collection Letter described above, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

59. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a Class Action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the Class member's claims, few, if any, the members of the Class could afford to seek legal redress for the wrongs complained of herein.

60. The illegal actions of Defendant have, and continue to, competitively disadvantaged other debt collectors that refrain from using abusive debt collection practices.

61. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the FDCPA.

62. A Class Action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual

action for violation the statutes alleged herein are minimal, as the collective maximum statutory damages for an individual action under the FDCPA is $1,000.

63. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

64. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

67. As a result of each and every violation of the FDCPA, Plaintiff and the Class members are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that judgment be entered against Defendant as follows:

- That this action be certified as a Class Action on behalf of the Class;
- That Plaintiff be appointed as the representative of the Class;
- That Plaintiff's counsel be appointed as Class Counsel;

- An Order enjoining Defendant from engaging in such conduct and communications in the future;

- An award of statutory damages of $1,000.00 for each of the Plaintiff and each of the Class members pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and/or other applicable law;

- Costs of suit incurred herein;

- An award of pre-judgment and post-judgment interest as permitted by law; and

- Any and all other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

71. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: June 21, 2024                    Respectfully submitted,

By: */s/ Matthew McKenna*
Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

Mona Amini, Esq. (*pro hac vice forthcoming*)
Gustavo Ponce, Esq. (*pro hac vice forthcoming*)
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

13