**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>KAMAN & CUSIMANO LLC,<br><br>        Defendant. | Case No.: 2:24-cv-00775-NJ |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES FOR**</u>
<u>**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS**</u>
<u>**ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**</u>

## I.    INTRODUCTION

Plaintiff Mahlon Oie ("Plaintiff") submits the instant unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Settlement") in this action (the "Action"). The motion is unopposed by Defendant Kaman & Cusimano, LLC ("Defendant"). The terms of the Settlement are set forth in the attached Settlement Agreement ("Agr." or "Agreement"))[1] attached as **Exhibit A** to the Declaration of David J. McGlothlin ("McGlothlin Decl.").

This consumer class action arises form Plaintiff's allegations that Defendant unlawfully attempted to collect alleged debts due from Plaintiff and other similarly situated consumers in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA). Plaintiff's complaint (ECF No. 1) (the "Complaint") alleges, among other things, that Defendant is a debt

---

[1] Unless otherwise specified, defined terms used in this memorandum are intended to have the meaning ascribed to those terms in the Settlement Agreement.

collector and that Defendant violated sections 1692e, 1692f and 1692g of the FDCPA by sending Plaintiff and similarly situated Class members false or misleading collection communications representing that they had only ten (10) days to dispute the alleged debt or have request validation of the alleged debt from Defendant. Defendant denies the alleged wrongdoing and has asserted defenses to Plaintiff's Complaint.

After extensive investigation and evaluation of the facts and law concerning the claims asserted in the Action and good faith and arm's length settlement negotiations, the parties arrived at a settlement and compromise of disputed claims. The Agreement provides meaningful relief to the Settlement Class Members. *See* Agr. § 16. Specifically, under the Agreement, Defendant has agreed to provide a Settlement Award consisting of a pro rata portion of $3,000 to each of the 93 Settlement Class Members. *Id*. In return for such recovery, including a payment of the Plaintiff Recovery to Plaintiff, and reasonable attorneys' fees and costs to Plaintiff's counsel (*see Id*. at §§ 8, 16-18) to be paid by Defendant along with the cost of Settlement Administration outside the Settlement Fund, Plaintiff and all Settlement Class Members who do not timely exclude themselves from the Settlement will release and discharge Defendants and other Related Parties from the Released Claims (*Id.* at § 24).

While Plaintiff is confident of a favorable determination on the merits, Plaintiff believes it is desirable to compromise, settle, and forever bar the Action to eliminate the further risk and expense of litigation, including the filing of a motion for class certification, Plaintiff agrees that the Settlement provides substantial settlement benefits to the Settlement Class Members. Agr. §§ 16. Defendant denies liability but has also determined it is desirable to settle this Action to avoid further expense, inconvenience, and inherent risk of continued litigation. *Id.* at § 3, 6, 9.

Accordingly, Plaintiff moves for an order: (1) certifying the class action for settlement

2

purposes pursuant to Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving the proposed Settlement; (3) appointing Plaintiff, Mahlon Oie, as Class Representative; (4) appointing David McGlothlin, Mona Amini, and Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, as Class Counsel; (5) appointing Class-Settlement.com as the Settlement Administrator; (6) approving and directing dissemination of the Notice to Settlement Class Members; and (7) scheduling a Final Approval Hearing.

## II.    PLAINTIFF'S ALLEGATIONS AND THE PROCEDURAL HISTORY

Sometime prior to August 30, 2024, Plaintiff allegedly incurred financial obligations to an original creditor, The Sunset Homes Association, Inc. ("Sunset") primarily for personal, family or household purposes, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt"). Complaint ¶ 22-23. Sometime after incurring this Debt, Plaintiff allegedly defaulted on the alleged Debt and sometime thereafter, Defendant was assigned or transferred the Debt and proceeded to engage in collection activities in attempts to collect the alleged Debt from Plaintiff. *Id.* at ¶ 24-25. Defendant is a "debt collector" as that term is defined by the FDCPA. Defendant attempted to collect a debt from Plaintiff during their first communication but falsely represented that Plaintiff had only ten (10) days to dispute the alleged debt or have it validated by Defendant. *Id.* at ¶¶ 26-32.

Specifically, Defendant sent Plaintiff an initial communication on April 30, 2024, attempting to collect the Debt (the "Collection Letter"). *Id.* at ¶¶ 26-27. This April 30, 2024, letter indicated the following under the heading "**How can you dispute the debt?**":

- Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. The law does not require our firm to wait until the end of the thirty-day period before suing your unit to collect this debt.

- **Call or write to us by May 10, 2024, to dispute all or part of the**

3

**debt.** If you do not, we will assume that our information is correct.

- **If you write to us by May 10, 2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at billie.fatheree@kamancus.com

In addition, the Collection Letter from Defendant included the following under the heading

**"What else can you do?":**

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by **May 10, 2024**, we must stop collection until we send you that information. You may use the form below or write to us without the firm. We accept such requests electronically at billie.fatheree@kamancus.com

- **Go to www.cfpb.gov/debt-collectiom to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- **Contact us about your payment options.**

The Collection Letter was Defendant's first written correspondence with Plaintiff. *Id.* at ¶ 27. 32. Defendant's Collection Letter provided Plaintiff less than 30 days to dispute or validate the alleged debt, as Defendant's Collection Letter was dated April 30, 2024, and only allowed Plaintiff until May 10, 2024, to either dispute the alleged debt or request validation.

The parties have come to a settlement and have since negotiated the details of the Settlement Agreement and now submit the Settlement for the Court's consideration with the instant Motion for Preliminary Approval.

### III. THE SETTLEMENT

#### A. The Settlement Class

The Class members include: (a) all natural persons within the United States (b) who were subjected to Collection Activities of an alleged debt (c) to whom Defendant sent an initial

communication between June 21, 2023, and June 21, 2024 (d) that was substantially similar or identical to the Collection Letter. Agr. § 13.a. The Class consists of approximately 93 persons. Agr. § 13.d. Excluded from the Class are the Judge whom the Action is assigned, any member of the Court's staff and immediate family, and all persons who are validly excluded from the Class. *Id* at § 13.e.

### B. Settlement Relief

Defendant has agreed to pay the Class members (who do not validly exclude themselves from the Settlement) each a pro rata portion of $3,000.00 (i.e. the "Settlement Fund"). *Id*. at § 16, 19, 21, 22. Defendant has agreed to have the Settlement Fund deposited with the Settlement Administrator with thirty (30) days of the Effective Date.[2] Within fourteen (14) calendar days after the entry of the Preliminary Approval order, or earlier if possible, the Settlement Administrator will provide notice to the most recent mailing address for the list of the members of the Class (provided by Defendant). Within fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator will notify both Class Counsel and Defendant in writing the amount necessary to fund payments to the Class Members that have not requested exclusion from the Class. *Id*. at § 21. Within forty-five days of the Effective Date, the Settlement Administrator will send by first class mail a check of the pro rata portion of the Settlement Fund to each eligible Class Member (Class Members who have not submitted a valid and timely Opt-Out Request).[3] *Id.*

---

[2] The "Effective Date" means after the last of the following dates: the occurrence of the following events: (1) the Court enters a Final Approval Order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (2) (a) if the Final Approval Order is not appealed, the expiration of five (5) days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's Final Approval Order and orders the consummation of the settlement under the terms and provisions of this Agreement. *Id.* at § 12

[3] Checks will be valid for one-hundred twenty (120) days from the date on the check.

### 1. Remaining Settlement Funds

If the Effective Date occurs and payments are distributed from the Settlement Fund to the Class members, any money remaining in the Settlement Fund that has not been distributed following the expiration of checks (which shall be issued and valid for one-hundred twenty (120) days from the date on the check pursuant to Agr. § 19), or any money in the Settlement Fund that has not otherwise been distributed shall be paid to a *cy pres* recipient. Agr. § 19.d. With the approval of the Court, the parties have agreed for the *cy pres* recipient to be Marquette Law School Volunteer Clinic. *Id.* No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendant. *Id*.

### C. Notice to Settlement Class Members

When "a class is certified under Rule 23(b)(3) for purposes of settlement, the Federal Rules require that the district court 'direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Id.* citing Fed. R. Civ. P. 23(c)(2)(B). Here, notice will be given to Settlement Class Members by direct U.S. mail for Settlement Class Members in which Defendants has a mailing address for in substantially the same form as **Exhibit 3** which is attached to the Settlement Agreement [*see* Agr. § 19.b].

Each form of notice shall provide a summary of the important details regarding the Settlement, including deadlines and instruction on how to opt out or object. *See* Exhibit 3; Agr. § 21, 22. The proposed Settlement Administrator is Class-Settlement.com (*see Id.* at § 15), which is an independent, third-party settlement claims administrator. To facilitate the Notice, Defendant shall provide the Settlement Administrator with the Class List containing names and mailing addresses for persons in the Class for whom Defendant has such information with thirty (30) days

of the execution of the Settlement Agreement. Agr. at § 19.a.

The Settlement Administrator, shall, within thirty (30) days after the entry of the Preliminary Approval Order, or earlier, if possible, provide Notice to Settlement Class Members informing them of the proposed settlement and their entitlement to the Settlement Payment and ability to submit an Exclusion Request (the "Notice"). Specifically, the Settlement Administrator will provide Notice to Settlement Class Members initially via U.S. Mail in substantially the same form as that attached as **Exhibit 3** to identifiable Settlement Class Members for whom Defendant has a mailing address.

This notice plan satisfies Due Process for this settlement. *See Cooper v. Investinet,* Civil Action No. 1:21-cv-01562-TWP-DML, 2017 U.S. Dist. LEXIS 235831 (S.D. Ind. Dec. 6, 2021) (approving a class action settlement where notice was provided by mail, and a second notice re-mailed if returned undeliverable); see also *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("Individual notice, by mail, to all reasonably known class members is sufficient in the usual case*."); Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 U.S. Dist. LEXIS 219702, at *13 (W.D. Wis. Dec. 29, 2017) (approving a class action settlement where notice was given via first class mail). Thus, the proposed notice to the Settlement Class Members is reasonable and appropriate and should be preliminarily approved.

### D. OPPORTUNITY TO REQUEST EXCLUSION FROM THE SETTLEMENT

Any member of the Settlement Class may request exclusion from the Settlement Class by mailing an opt-out request ("Opt-Out Request") to the Settlement Administrator and filing an Opt-

Out Request with the Court within forty-five (45) days following the Notice Deadline. Agr. § 21. The Opt-Out Request must be postmarked on or before the Opt-Out and Objection Deadline specified on the Mail Notice. *Id.* Opt-Out Requests must: (i) be in writing; (ii) include the case name, case number, the Class Member's name, address, email, and telephone number; (iii) must be signed by the Class Member; and (iv) must include the following statement: "I/we request to be excluded from the settlement in the Oie v. Kaman & Cusimano FDCPA class action." *Id* at §§ 21.a, 21.b. Except for those Class Members who have properly and timely mailed an Opt-Out Request, all Settlement Class Members will be bound by the Settlement Agreement and the Final Judgment to be entered following the hearing for final approval of the Settlement Agreement. Agr. §§ 21.c. The Settlement Administrator will provide copies of such opt-out requests to Class Counsel and counsel for Defendant within fourteen (14) days of the Opt-Out and Objection Deadline. *Id.*

### E. OPPORTUNITY TO OBJECT TO THE SETTLEMENT

Class Members will have the opportunity to object to the Settlement's terms. The deadline for doing so is at no later than forty-five (45) days after the Notice Deadline, unless otherwise ordered by the Court. Agr. At § 22. To object to the Settlement, a Settlement Class Member must file the objection with the Court and mail a copy of the objection to the Settlement Administrator at the address designated in the Mail Notice. *Id*. An objection must include: (A) the name and case number of the Litigation; (B) the Class Member's full name, address, and telephone number; (C) all arguments, citations and evidence supporting the Objection; and (D) a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. *Id* at §§ 22.a, 22.b. If Class Member is represented by counsel, counsel's name,

address, email address and telephone number shall be set forth in any Objection. *Id* at § 22.c. A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for all Parties. *Id*. at § 22.d. The Class Member is solely responsible for any fees, costs, or expenses. *Id*. The objecting Class Members shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. The Settlement Administrator will provide to Class Counsel and Defendant's Counsel all copies of any objections mailed to the Claims Administrator. *Id* at § 22.e.

On or before the date specified in the Mail Notice, a Class Member may enter an appearance through an attorney if he or she so desires. Agr. § 23. The Class Member is solely responsible for any fees, costs, or expenses of his or her attorney. *Id*. Any Class Member who fails to submit a timely Objection pursuant the Settlement Agreement (*Id*. at § 22), and as detailed in the Mail Notice shall have waived any right to object to the Settlement Agreement and shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means. *Id*. at § 22.f.

### F. REASONABLE SCOPE OF RELEASE

In exchange for the relief described above, Class Members (other than those who validly exclude themselves from the Settlement), will be deemed to have fully released and forever discharge the Released Parties from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and

all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, that arise out of, relate to, or are in connection with the debt collection letters that are the subject of this Litigation ("Released Claims"). Agr. § 24. Thus, the scope of the release is appropriately tailored.

### G. APPROVAL BY COURT

If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it is deemed null and void and without prejudice to the rights of the parties and will not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever. Agr. § 25.

### H. EFFECT OF COURT'S DENIAL OF PRELIMINARY OR FINAL APPROVAL OF SETTLEMENT

There is no settlement if the Court does not preliminarily approve the settlement or finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein. Agr. § 29. In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, approving the Mail Notice, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the

rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any communications or negotiations leading up to the settlement nor any of the settlement's provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever. *Id.*

### I. PAYMENT OF NOTICE AND ADMINISTRATIVE COSTS

The Agreement provides that all Administration Costs, including but not limited to costs of printing and providing notice to Class Members, the costs for Mail Notice, and any different or additional notice that might be ordered by the Court, shall be paid by Defendant to the Settlement Administrator separate and apart from the Settlement Fund. Agr. §§ 15, 26.

### J. CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD

The Agreement contemplates that Class Counsel will request an Incentive Award to be paid by Defendant to the named Plaintiff in an amount of $1,000 for the time and effort Plaintiff has personally invested in this Action as the Class Representative. Agr. § 17. Such an Incentive Award is reasonable and appropriate given the time Plaintiff has expended assisting with the prosecution of this case since its inception (*see* Declaration of Mahlon Oie ("Oie Decl.") at ¶¶ 8-9, 11). *See Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.,* 897 F.3d 825, 835 (7th Cir. 2018) (concluding $1,000 incentive awards were reasonable "[g]iven how little exertion the named plaintiffs expended in pursuing this action"); *Pierre v. Midland Credit Mgmt.,* No. 16 C 2895, 2019 U.S. Dist. LEXIS 2357296 (N.D. Ill. Dec. 11, 2019) (granting an incentive award of $4,000 in an FDCPA class action settlement); *Hollins v. Church Church Hittle + Antrim,* No. 2:20-CV-304 JD, 2024 U.S. Dist. LEXIS 82920, at *14 (N.D. Ind. May 3, 2024) (granting an incentive award of $1,000 in an FDCPA class action settlement).

### K.  CLASS COUNSEL'S APPLICATION OF ATTORNEYS' FEES AND COSTS

The Agreement contemplates and permits Class Counsel to apply to the Court for an award of attorneys' fees and costs to be paid by Defendant. Agr. § 8. Counsel for the Parties did not discuss attorneys' fees or costs until after an agreement was reached regarding the relief to the Settlement Class Members. Ultimately counsel for the Parties did not reach an agreement as to amount of reasonable attorneys' fees and costs for Plaintiff and Class Counsel as a result of the Litigation. *Id* at § 18. Therefore, Plaintiff and the Class Counsel shall petition the Court for reasonable attorneys' fees and costs within 60 days of the Preliminary Approval. *Id*. Defendant reserves the right to assert any and all defenses in response to Plaintiff and Class Counsel's anticipated motion for attorney's fees and costs. *Id.*

## IV.  LEGAL STANDARD FOR CLASS CERTIFICATION

Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements that effect the dismissal of the lawsuit. *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 279 (7th Cir. 2002). Even when parties jointly seek preliminary approval of a class action settlement, the district court must undertake and satisfy three inquiries. *In re TikTok, Inc., Consumer Priv. Litig*., 565 F. Supp. 3d 1076, 1083-84 (N.D. Ill. 2021).

First, the district court must determine whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). In the settlement context, where "a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class," Rule 23 "protect[s] absentees by blocking unwarranted or overbroad class definitions" and "demand[s] undiluted, even heightened, attention . . . ." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Second, the district court must find that the settlement proposal is "within the range of

possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980). A court may finally approve a proposed settlement "only after a hearing and only on a finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). At the preliminary approval stage, however, the court need only "ascertain whether there is any reason to notify the class members of the proposed settlement [before] proceed[ing] with a fairness hearing." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). In determining whether a proposed class action settlement falls within the range of possible approval, "courts in this district have tended to perform a more summary version of the final fairness inquiry . . . ." *In re TikTok*, 565 F. Supp. 3d at 1087 (internal quotation and citation omitted).

Third, upon finding that class certification is likely and that the proposed settlement is within the range of possible approval, the district court directs the parties to issue notice "in a reasonable manner to all class members who would be bound" by the settlement. Fed. R. Civ. P. 23(e)(1); *Edwards v. Educ. Mgmt. Corp.*, No. 1:18-cv-03170-RLY-DLP, 2022 U.S. Dist. LEXIS 150784, 2022 WL 3213277, at *2 (S.D. Ind. June 13, 2022).

## A. CERTIFICATION THE PROPOSED SETTLEMENT CLASS FOR THE PURPOSES OF IMPLEMENTING THE SETTLEMENT IS APPROPRIATE

Federal Rule of Civil Procedure 23(e) states that the "claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). In order to certify a class in accordance with Rule 23(a), a court must conduct a rigorous analysis by a preponderance of the evidence that the putative class meets the criteria set forth by FRCP 23(a)(1)-(4). *Molinari v. Fin. Asset Mgmt. Sys., Inc.,* No. 18-cv-01526, 2021 U.S. Dist. LEXIS 235401, at *14-15 (N.D. Ill. Nov. 22, 2021). This Settlement meets the requirements of Rule 23(a) and Rule

23(b)(3) for settlement purposes.

### 1. <u>Numerosity</u>

While there is no set number required as a matter of law for the maintenance of the class action, class certification under Rule 23(a)(1) is appropriate where a class is so "numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23; *see Chapman v. Bowman,* No. 2:15-CV-120 JD, 2015 U.S. Dist. LEXIS 172338, at *5 (N.D. Ind. Dec. 29, 2015). *"To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult." Id; see also* 32B Am. Jur. 2d Federal Courts, When Joinder is Impracticable § 1608 (2014). There is no explicit cut-off, but the Court of Appeals for the Seventh Circuit has noted that a class with 40 members is sufficient. *Swanson v. American Consumer Industries, Inc.*, 415 F. 2d 1326, 1333 n.9 (7th Cir. 1969). *See also Beard v. Dominion Homes Financial Services, Inc.,* 2007 U.S. Dist. LEXIS 71469, 2007 WL 2838934, at *4 (S.D. Ohio Sept. 26, 2007) (finding numerosity satisfied with 41 class members) Here, numerosity is satisfied. Based upon Defendant's own records, the Parties agree that there are 93 Settlement Class Members. McGlothlin Decl. ¶ 10; Agr. § 13.d. Litigating 93 separate claims would be economically and judicially impracticable because the claims are similar (if not identical) and the recovery minimal. Thus, the potential members of the Class are sufficiently numerous that joinder of all the members of the Class is impracticable.

### 2. <u>Commonality</u>

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2); *see also Chapman,* 2015 U.S. Dist. LEXIS 172338 at [*7]. Claims of individual class members may arise from a "common nucleus of operative fact," which is typically satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Class certification cannot

14

be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). This requirement is also satisfied here.

There are several questions of law and fact common to Plaintiff and to the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to, the following: (1) whether Defendant's claim of bona fide error provides a defense to Defendant's standard practice of sending initial communications to consumers that mislead or falsely represent that the recipient has only ten (10) days to dispute the alleged debt or have it validated by Defendant; (2) whether Plaintiff and the Class can recover statutory damages under the FDCPA as a result of Defendants' wrongdoing; and (3) whether the initial communication Defendants sent to 93 alleged debtors violates sections 1692e, 1692f and 1692g of the FDCPA under the "least sophisticated" debtor standard because Defendant. Where the elements of each cause of action will be common to all of the persons affected given Defendant's standardized conduct towards the members of the Proposed Class, the commonality requirement is satisfied. *See Chapman v. Bowman*, No. 2:15-CV-120 JD, 2015 U.S. Dist. LEXIS 172338, at *8 (N.D. Ind. Dec. 29, 2015). *See, e.g., Lucas v. GC Servs. L.P.*, 226 F.R.D. 337, 340 (N.D. Ind. 2005) ("Courts consistently have found a common nucleus of operative facts if a defendant has allegedly directed standardized conduct toward the putative class members or if the class claims arise out of standardized documents."); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004) ("Similarly, a plaintiff satisfies the commonality requirement when all class members received the same collection letter"); *Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 284 (S.D. Ohio 2003) ("In FDCPA cases, where plaintiffs have received similar debt collection letters . . . courts have found common questions of law or fact sufficient to certify the class."). Therefore, commonality is established.

### 3. **Typicality**

The question of typicality is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." *Id.* Some factual variations may not defeat typicality, rather, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) In this case, Plaintiff's claims are typical of the claims of the Settlement Class Members, as they arise from a nearly identical factual basis because Defendant's standardized conduct gave rise to the FDCPA claims. Plaintiff, like members of the proposed Class, received an initial communication in an attempt to recover sums due between June 21, 2023, and June 21, 2024 from Defendant which allegedly violated sections 1692e, 1692f and 1692g of the FDCPA by misleading or falsely representing that Plaintiff had only ten (10) days to dispute the alleged debt or have it validated by Defendant. Complaint, ¶¶ 26-33. The only differences between the initial communication Defendant sent to Plaintiff and Class members is the date of the communication, and the debtor's name, address, email address, and account number.

Plaintiff is therefore advancing the same claims and legal theories on behalf of himself and the Settlement Class. Defendant has no defenses unique to Plaintiff. Plaintiff's claims are thereby representative of, and reasonably co-extensive with, the claims of the Settlement Class during the Settlement Class Period. Thus, typicality is met. *See Lucas v. GC Servs. L.P.*, 226 F.R.D. 337, 341 (N.D. Ind. 2005) ("All of the class members' claims arise from the same practice . . . which gave rise to Plaintiffs' claims, that is each time Defendants sent a collection letter similar to that received by Plaintiffs, they allegedly violated the Fair Debt Collection Practices Act. Thus,

Plaintiffs' claims are typical of the class because they arise from the same course of conduct and are based on the same general legal theory."); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004) ("Parties seeking class certification have satisfied the typicality requirement by showing that all prospective class members received a variation of the same collection letter.").

### 4. <u>Adequacy of Representation</u>

Adequacy of representation is met when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario,* 963 F.2d at 1018. Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

Here, Plaintiff is a member of the Settlement Class, and does not have any conflicts of interest with other Settlement Class Members. McGlothlin Decl., ¶ 18. Plaintiff also has no known conflicts of interest with her counsel. Oie Decl., ¶ 5. Counsel representing Plaintiff are competent and experienced in litigating consumer class actions, including class actions for violations of the FDCPA. *See* McGlothlin Decl., ¶¶ 20-29. Plaintiff and his counsel have also been vigorously litigating this matter since its inception. *Id*. ¶¶ 5-6. The parties also engaged in extensive good-faith, arm's-length negotiations. *Id*. ¶¶ 8-9. Therefore, Plaintiff and Class Counsel will adequately represent the Settlement Class.

### 5. <u>Common Questions Sufficiently Predominate</u>

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). "Predominance" tests the "legal or factual questions that qualify each class member's case as a genuine controversy" and is similar to Rule 23(a)(3)'s requirement of typicality. *Id.* at 623.

Here, the predominant question common to all class members is whether the initial communications sent by Defendant violate the FDCPA by misleading or falsely representing to Plaintiff and the class members that they had less than 30 days to dispute the alleged debt or have it validated by Defendant. Therefore, the Court should certify the Class for settlement purposes because common questions predominate. *See, e.g., Jackson v. Nat'l Action Fin. Servs., Inc.,* 227 F.R.D. 284, 290 (N.D. Ill. 2005) (holding that "[a]s long as the letters that class members received are very similar . . . the legal issue of whether those letters violate the FDCPA is predominate"); *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007) (certifying FDCPA class action and finding that predominance prong satisfied where similar debt collection letters were at issue).

### 6. Superiority of Class Action

Resolution of the dispute under the class action mechanism of redress for settlement purposes makes sense because it is superior to all other available means for the fair and efficient adjudication of this controversy involving persons who received an initial communication from Defendants which

mislead or falsely represented their rights under sections 1692e, 1692f and 1692g of the FDCPA. In the absence of class certification, the courts could potentially be inundated with "many individual cases that seek to litigate an essential core of the same legal and factual issues." *Lucas,* 226 F.R.D. at 342. These separate actions would be "repetitive, wasteful and an extraordinary burden on the courts[,]" so a class action is necessary here. *Tatz v. Nanophase Technologies Corp.,* No. 01-C-8440, 2003 U.S. Dist. LEXIS 9982, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 2013). *See also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.") The goal is to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* at 615 (citing Fed. R. Civ. P. 23 Advisory Committee Notes)

Here, the 92 other Settlement Class Members are likely unaware that the FDCPA requires that a debt collector include certain notices in their initial communication. *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998) ("Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits."). Accordingly, the class action vehicle is the best avenue to protect the least sophisticated debtors. Individualized litigation would also cause significant delay, expense, and an overwhelming waste of already limited judicial resources by the actions brought by hundreds of individual consumers. The damages suffered by individual Settlement Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation.

By contrast, the class action device presents fewer management difficulties for the Settlement Class and provides the benefits of single adjudication and comprehensive supervision by a single court, resolving the claims against Defendants, and providing vindication to the class members who were not aware of having claims against Defendants resulting from their failure to include the notices required by §§ g(b) and e(11) of the FDCPA. *See, e.g., Lucas,* 226 F.R.D. at 342 (finding a "a class action is superior to individual action in this case because litigation costs are high and the likely recovery is limited"). Thus, the superior requirement for settlement purposes is satisfied.

**B. THE SETTLEMENT IS WITHIN THE RANGE OF REASONABLENESS**

Preliminary approval requires only that the Court evaluate whether the proposed settlement "is within the range of possible approval." *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980). The Seventh Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate, and reasonable: (1) the strength of plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techns., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006). The proposed Settlement here satisfies the above requirements, and it is unlikely that many objections would arise.

**1. The strength of Plaintiff's case**

"The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 n.44 (7th Cir. 1979); see also *Synfuel*, 463 F.3d at 653 (quoting same).

After investigations, discovery and extensive settlement negotiations, Plaintiff and proposed

Class Counsel believe they have a strong case for violations of the FDCPA that would likely prevail at trial. Defendant naturally disputes such allegations and believes it has a good chance of prevailing at trial. While each side believes in its respective case, the Parties agree that this settlement will help them avoid the great expense, inconvenience, and inherent risk involved in prolonged litigation. *See* Agr. at § 6-9. Without a settlement at this juncture, however, Defendant would continue to vigorously contest liability and damages (*see Id*. at § 3). Defendant would also continue to challenge the proprietary of class certification outside of the settlement context. As such, the outcome of the case is by no means certain absent a settlement.

## 2. The likely complexity, length and expense of continued litigation

The Seventh Circuit has held that the likely complexity, length, and expense of continued litigation are relevant factors in determining whether a class action settlement is fair, reasonable, and adequate. *Synfuel*, 463 F.3d at 653. Given the Parties' legal and factual positions, and ongoing litigation for over a year, continued litigation would be protracted, unduly burdensome, and expensive. Defendant would undoubtedly continue to vigorously defend the Action. *See* Agr. § 3. If litigation were to continue, Plaintiff would file a motion for class certification, and should Plaintiff prevail, the parties would likely submit motions for summary judgment, which could then lead to appellate practice, and/or preparation for trial. The Settlement avoids the delay of relief, as well as the risks and expense posed to both sides inherent with further litigation. Moreover, any decision on the merits is likely to be appealed, resulting in further delays, uncertainties, and great expense. Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."). Thus, the Agreement avoids risks for both sides and is in the best interest

of the Class.

### 3.   Opposition to Proposed Settlement

At this time, there is no known opposition to the proposed Settlement Agreement, as notice has not yet been issued to Class Members. Accordingly, this factor should not weigh for or against preliminary approval. *See Sheffler v. Activate Healthcare, LLC,* No. 1:23-cv-01206-SEB-TAB, 2024 U.S. Dist. LEXIS 156311, at *21 (S.D. Ind. Aug. 30, 2024); *see also Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 U.S. Dist. LEXIS 219702, at *11 (W.D. Wis. Dec. 29, 2017) ("At this point, court consideration of opposition is premature because the members have not yet had the chance to voice it.").

### 4.   Opinion of Competent Counsel

The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23. *Synfuel*, 463 F.3d at 653. District courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux*, 690 F.2d at 634. Here, Class Counsel are qualified and highly experienced in litigating complex consumer class actions. *See* McGlothlin Decl., ¶¶ 22-29. Given Class Counsel's extensive experience in litigating similar cases, they are well positioned to assess the risks of continued litigation and benefits obtained by the settlement. Class Counsel believes that this Settlement is in the best interest of Settlement Class Members given the risks and uncertainty of proceeding with expensive and protracted litigation. McGlothlin Decl., ¶ 17.

### 5.   The Stage of the Proceedings and Amount of Discovery Completed

"The stage of the proceedings at which settlement is reached . . . indicates how fully the district court and counsel are able to evaluate the merits of [the] claims." *Armstrong*, 616 F.2d. at 325.

The Parties had begun the exchange of discovery, with Plaintiff propounding Requests for Admissions, Requests for Production of Documents and Interrogatories on Defendant. However, Plaintiff agreed to grant Defendant an extension to respond because the Parties had begun settlement negotiations. McGlothlin Decl., ¶ 17. However, during these settlement negotiations information was exchanged between the parties informally and both parties conducted a fair amount of their own research prior to the commencement of the settlement negotiations. Thus, this factor should not weigh against approval of the Settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted."). Indeed, the "label of 'discovery' [either formal or informal] is not what matters*." In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 2011 U.S. Dist. LEXIS 61246, 2011 WL 2204584, at *29. Instead, "[t]he pertinent inquiry is what facts and information have been provided." *Id. See also In re Cap. One Tel. Consumer Prot. Act. Litig.*, 80 F. Supp. 3d 781, 792-93 (N.D. Ill. 2015) (holding that "the court is not convinced that extensive formal discovery, when measured against the cost that would be incurred, would place the parties in a proportionally better position than they are now to determine an appropriate settlement value of this litigation.")

## C. THE PROPOSED CLASS NOTICE IS REASONABLE

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances. The best practicable notice "is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

Pursuant to the Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable

manner to all class members who would be bound by the proposal." The notice must concisely and clearly state in plain: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

Here, direct notice will be provided to the Settlement Class Members through Mail Notice to the most recent mailing address provided by Defendant for the members of the Class (Agr. § 19.a). As the debt collector that previously sent mail communications and/or letters to the Settlement Class, Defendant has the names and mailing addresses for the Settlement Class Members. Defendant will reasonably cooperate in the notice and administration process by providing the Class List to the Settlement Administrator and Class Counsel, on a confidential basis, which shall provide the names and mailing addresses for the Class. *Id*. The Settlement Administrator will provide Notice to Settlement Class Members via U.S. Mail in substantially the same form as that attached as **Exhibit 3** to the most recent mailing address from the list of members of the Class. *Id*. In the event that any Mail Notices are returned as undeliverable or are otherwise unsuccessfully delivered to a class member, with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address. *Id*. The Mail Notices meet the requirements of Rule 23(c)(2)(B) as they will include information for the members of the Class regarding the nature of the Action, the Class definition, information about the Settlement Award available for the Settlement Class Members, as well as the time and manner to submit an Opt-Out Request to exclude themselves from the Settlement before the Opt-Out Deadline, the time and manner to

submit an Objection before the Objection Deadline, as well as the binding effect of the Settlement on Class Members who do not exclude themselves from the Settlement. *See* Exhibit 3.

Therefore, under the circumstances, the notice plan fulfills the requirements of adequate notice for Due Process purposes and should be preliminarily approved.

### D. APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

The adequacy of representation requirement is satisfied here, and there are no known conflicts of interest, as noted above. For settlement purposes, Plaintiff respectfully requests that he be appointed as Class Representative. Similarly, Plaintiff requests that David McGlothlin, Mona Amini and Gustavo Ponce of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, be appointed as Class Counsel.

### E. APPOINTMENT OF CLASS-SETTLEMENT.COM AS THE SETTLEMENT ADMINISTRATOR

The Parties agreed to propose that the Court appoint Class-Settlement.com to serve as the Settlement Administrator and disseminate Notice to the Settlement Class. *Id*. at § 14. Class-Settlement.com provides administrative services in class action litigation nationwide and has extensive experience in administering consumer protection and privacy settlements. *See* Decl. of Dorothy Sue Merryman at Class-Settlement.com ("Merryman Decl."). Class-Settlement.com has provided administrative services for hundreds of cases over the past 14 years. *Id*. ¶ 5. Class-Settlement.com stores all data in a secure database, and our SSL-encrypted website, combined with a proprietary member identification system, ensures the integrity of claims by preventing deception and duplication. *Id*. *Id*. ¶ 6. Class-Settlement.com maintains bonding and insurance for all settlement amounts, and employs a positive pay system to safeguard against check fraud. *Id*. ¶ 7.

Class-Settlement.com will access and use class member data solely to administer the

settlement and will perform key responsibilities such as disseminating direct mail notice, processing exclusions and objections, calculating individual settlement payments, issuing checks, preparing and filing tax forms, and reporting to the parties and the Court. *Id*. ¶¶ 7-8. Class-Settlement.com will utilize the National Change of Address (NCOA) database and, if needed, conduct skip traces to ensure the most accurate delivery of notice. *Id*. ¶¶ 9-10. Class-Settlement.com will fully comply with the Fed. R. Civ. P. 23(c)(2)(B) requirements. *Id*. ¶ 11. Class-Settlement.com fully independent of all parties and counsel in this action. *Id*. ¶ 12.

### F. THE FINAL APPROVAL HEARING SHOULD BE SCHEDULED

Plaintiff requests a Final Approval hearing be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

///

///

///

## V.    CONCLUSION

Plaintiff respectfully requests that the Court enter an Order granting Preliminary Approval, including the following: (1) certifying the class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving the proposed Settlement; (3) appointing Plaintiff, Mahlon Oie, as Class Representative; (4) appointing David McGlothlin, Esq., Mona Amini, Esq. and Gustavo Ponce, Esq. of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, as Class Counsel; (5) appointing Class-Settlement.com as the Settlement Administrator; (6) approving and directing dissemination of the Notice to Settlement Class Members; and (7) scheduling a Final Approval Hearing.


Dated: June 4, 2025                                    Respectfully submitted,


                                         By: _/s/ David McGlothlin_____
                                             David McGlothlin, Esq.
                                             Mona Amini, Esq.
                                             Gustavo Ponce, Esq.
                                             KAZEROUNI LAW GROUP, APC
                                             245 Fischer Ave., Unit D1
                                             Costa Mesa, CA 92626
                                             Telephone: (800) 400-6808
                                             Facsimile: (800) 520-5523

                                             Matthew McKenna, Esq. (Bar No. 1136438)
                                             SHIELD LAW, LLC
                                             237 South St. Unit 110
                                             Waukesha, WI 53186
                                             Telephone: (262) 420-5953
                                             Facsimile: (508) 588-7303

                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of Kazerouni Law Group, APC, and that on this 4th day of June 2025, the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

Dated: June 4, 2025                    Respectfully submitted,


By: */s/  David McGlothlin*
David McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Any attorney not an ECF participant here, hard copies of the foregoing will be provided via personal delivery or by postal mail.

By: _/s/ David McGlothlin_____
David McGlothlin, Esq.

1