| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>KAMAN & CUSIMANO LLC,<br><br>        Defendant. | Case No.: 2:24-cv-00775-NJ<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF DAVID MCGLOTHLIN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

I, DAVID MCGLOTHLIN, declare:

1. I am over the age of 18 and am fully competent to make this declaration. The statements made herein are made of my own personal knowledge and, if called upon, I could and would testify competently thereto.

2. I am one of the attorneys for Plaintiff Mahlon Oie ("Plaintiff" or "Class Representative") and the proposed Class members (the "Class" or "Class Members") in the above-captioned action (the "Action") against Defendant Kaman & Cusimano LLC ("Defendant") alleging violations the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. I am a member in good standing of the State Bar of Arizona, the State Bar of California, the State Bar of Oregon, and the State Bar of Utah. I am licensed to practice before all courts in the states of Arizona, California, Oregon, and Utah. I have litigated cases in both state and federal courts in Arizona, as well as in other states, including California, Oregon, Utah, Florida, New York, and Colorado.

4.     I submit this declaration in support of the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

5.     My firm has conducted pre-lawsuit investigations concerning the violations alleged in this Action and I, together with my colleagues, Mona Amini and Gustavo Ponce, have been involved in this case since its inception.

6.     Throughout this litigation, I have strived to fairly, responsibly, vigorously and adequately represent the putative class members in this action. I believe that I have been successful in that endeavor thus far and shall continue in this vein.

7.     Kazerouni Law Group, APC will commit the necessary resources and time to represent the interests of the proposed class.  I will commit multiple lawyers and support staff, as necessary, to the case. Kazerouni Law Group, APC also has the financial resources to represent the class.

8.     The Parties engaged in extensive settlement discussions and negotiations regarding this Action. As a result of this process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

9.     After reaching the settlement in principal, the parties began working cooperatively on drafting the proposed Settlement Agreement.  A copy of the parties' executed Settlement Agreement is attached hereto as **Exhibit A**.

**THE SETTLEMENT**

10.     Pursuant to the Settlement Agreement, all individuals who were sent an initial written communication by Defendants in an attempt to recover sums due between June 21, 2023,

and June 21, 2024 (the "Class") will receive a pro rata portion of the Settlement Fund of $3,000 established to provide the Settlement Award to the Class Members who do not submit an Opt-Out Request in accordance with the terms of the § 21 of the Settlement Agreement. Defendant has confirmed that there are approximately 93 Settlement Class Members. Any money remaining in the Settlement Fund that has not been distributed following the expiration of the issued Settlement Award checks, or any money in the Settlement Fund that has not otherwise been distributed shall be paid to the proposed *cy pres* recipient, Marquette Law School Volunteer Legal Clinic. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendant.

11.     In addition to the cash Settlement Awards to be paid to the Class from the Settlement Fund, Defendants will also separately any costs associated with retaining Settlement Administrator for providing the Class Notice, as well as other services and expenses related to the administration and payment of the Settlement. The parties propose that Class-Settlement.com be appointed as the Settlement Administrator. Class-Settlement.com is a national full-service class action notice and claims administrator and has extensive experience in administering consumer protection and privacy class action settlements.[1]

12.     Also, separate from the Settlement Fund, and subject to the Court's approval, Defendant shall pay Plaintiff Mahlon Oie an Incentive Award of $1,000.00 for the time and effort personally invested by Plaintiff in this Action as the named Plaintiff and proposed Class Representative.  The Court's approval of any Incentive Award for Plaintiff is not, and will not be, a condition of the Settlement and Defendant will not oppose or object to an Incentive Award that

---

[1] *See* Declaration of  Dorothy Sue Merryman at Class-Settlement.com, submitted concurrently with and in support of Plaintiff's Motion.

does not exceed $1,000.00.

13.     Class Counsel and Counsel for Defendant disagree as to reasonable attorneys' fees and costs as a result of the Litigation. Therefore, Class Counsel shall petition the Court for reasonable attorneys' fees and costs within 60 days of the Preliminary Approval. Defendant reserves any and all defenses to Class Counsel's claim for attorney's fees and costs.

14.     The Class Members will receive individual direct notice by U.S. Mail to the most recent mailing address provided by Defendants for the members of the Class (Agr. § 19.b). As the debt collector that previously sent mail communications and/or letters to the Settlement Class, Defendant has the names and mailing addresses for the Settlement Class Members. Defendant will provide the Class List to the Settlement Administrator as well as Class Counsel, on a confidential basis, which shall provide the names and mailing and/or e-mail addresses for the Class. *Id*. § 19.a. The Settlement Administrator will provide Notice to Settlement Class Members via U.S. Mail in substantially the same form as that attached as Exhibit 3 to the most recent mailing address from the list of members of the Class. *Id*. Any Mail Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address. *Id*. The Mail Notices meet the requirements of Rule 23(c)(2)(B) as they will include information for the members of the Class regarding the nature of the Action, the Class definition, information about the Settlement Award available for the Settlement Class Members, as well as the time and manner to submit an Opt-Out Request to exclude themselves from the Settlement before the Opt-Out Deadline, the time and manner to submit an Objection before the Objection Deadline, as well as the binding effect of the Settlement on Class Members who do not exclude themselves from the Settlement.

15.     Based on my experience with similar class actions and my investigation, research,

and knowledge of the specific facts and legal issues in this Action, I believe that the proposed Settlement, including the relief to Settlement Class Members, is fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the action, in light of the risks, expense and likely delay that would be caused by further litigation balanced against the benefits of the Settlement.

16.     Taking into account the burdens, uncertainty and risks inherent in this litigation, I have concluded that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desireable, fair, and beneficial to the parties and the Settlement Class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

17.     Plaintiff's Counsel considered the expense, complexity, and delay associated with continued litigation. In response, Plaintiff's Counsel carefully analyzed the settlement in light of the parties' respective positions and elected that the immediate, certain, and substantial payments offered by Defendants to the Settlement Class to resolve this case was fair, reasonable, and adequate relief to the Class. Plaintiff served Requests for Admissions, Requests for Production of Documents and Interrogatories on Defendant. Defendant requested an extension to which Plaintiff granted as the Parties had begun settlement negotiations.

18.     I am unaware of any conflict of interest between Plaintiff on one hand and any Settlement Class Member on the other hand, or between Plaintiff and Plaintiff's Counsel.

19.     I respectfully request that the Court enter an order: (1) certifying the class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3); (2) preliminarily approving the proposed Settlement; (3) appointing Plaintiff, Mahlon Oie, as Class Representative; (4) appointing David McGlothlin, Esq., Mona Amini, Esq. and Gustavo Ponce, Esq. of Kazerouni Law Group,

APC, and Matthew McKenna of Shield Law, LLC, as Class Counsel; (5) appointing Class-Settlement.com as the Settlement Administrator; (6) approving and directing dissemination of the Notice to Settlement Class Members; and (7) scheduling a Final Approval Hearing.

## CLASS COUNSEL'S EXPERIENCE
## KAZEROUNI LAW GROUP, APC'S
## CONSUMER RELATED EXPERIENCE AND RESULTS

20. Kazerouni Law Group, APC has extensive experience litigating class actions, including those alleging violations of fair debt collection practices statutes, such as the FDCPA and its various state law equivalents:

a. *Macias v. Water & Power Community Credit Union*, BC515936 (Cal. Sup. Ct. Los Angeles County, April 21, 2016) (class action settlement under the RFDCPA);

b. *Ranekouhi, et al. v. S.B.S. Trust Deed Network*, No. 8:15-cv-01541-CJC-JCG (C.D. Cal. June 27, 2016) (FDCPA and RFDCPA class action finally approved);

c. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Cal. Sup. Ct. San Luis Obispo Oct. 30, 2017) (RFDCPA class action finally approved);

d. *Moreno-Peralta v. TRS Recovery Services, Inc*., 2017 Cal. Super. LEXIS 548 (Cal. Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action finally approved);

e. *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (D.Utah November 9, 2017) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved);

f. *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385 (Cal. Sup. Ct. Kern County, June 23, 2018) (RFDCPA class action granted final approval);

g. *Calderon v. Wolf Firm, Inc*., No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 159435, at *23 (C.D. Cal. Sep. 18, 2018) (FDCPA and RFDCPA class action finally

approved);

h. *Morrison v. Clear Management Solution,* No. 1:17-cv-00051-CW-EJF (D.Utah June 5, 2020) (FDCPA class settlement finally approved, Class Counsel awarded over $114,000 in attorney's fees and costs);

i. *Rodriguez v. Cascade Collections LLC*, No. 2:20-CV-00120-JNP-DBP (D.Utah June 27, 2022) (FDCPA class action settlement granted final approval);

j. *Almada v. Kriger Law Firm*, No. 3:19-cv-02109-TWR-MDD, 2023 U.S. Dist. LEXIS 15717 (S.D. Cal. Jan. 30, 2023) (FDCPA class action finally approved, establishing a common fund providing cash payments of $450 to each class member and awarding Class Counsel $240,000 in attorney's fees and costs).

21. Kazerouni Law Group, APC also has experience in litigating false advertising cases, including but not limited to:

a. *Maxin v. RHG & Company, Inc*., 2017 U.S. Dist. LEXIS 27374 (S.D. Cal. Feb. 27, 2017) (finally approved class action settlement for $900,000);

b. *Scheuerman v. Vitamin Shoppe Industries, Inc*., BC592773 (Cal. Sup. Ct. Los Angeles) (finally approved class action settlement for up to $638,384.00);

c. *Oxina v. Lands' End, Inc.,* 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (finally approved settlement under California Made in the USA statute);

d. *Giffin v. Universal Protein Supplements*, BC613414 (Cal. Sup. Ct. Los Angeles) (finally approved, class received over $210,000);

e. *Holt, et al. v. FoodState Inc*., 17-CV-00637-LM (D.N.H. 2017) (finally approved, $2.1 million fund).

f. *Ayala et al v. Triplepulse, Inc.,* BC655048 (Cal. Sup. Ct. Los Angeles Nov. 13, 2018) (finally approved consumer false advertising class action settlement);

22. Kazerouni Law Group, APC also has extensive experience in other consumer related issues. A brief summary of a non-inclusive list of notable decisions from my firm are as follows:

a. *Kolar v. CSI Financial Services LLC dba ClearBalance*, No. 37-2021-00030426 (Cal. Sup. Ct. San Diego County) (appointed as Class Counsel in data breach class action, finally approved on Jan. 20, 2023);

b. *Newman v. J.M. Bullion, Inc.,* No. BCV-21-100436-BCB (Cal. Sup. Ct. Kern County June 30, 2022) (data breach class action granted final approval);

c. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG) (S.D. Cal. August 15, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating a common fund in the amount of $2,750,000);

d. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. November 6, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating a common fund in the amount of $2,600,000);

e. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. Dec. 1, 2014) (final approval of class action involving privacy rights under Cal. Penal Code § 632 et seq., creating common fund in the amount of $1,188,110);

f. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

g.  *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

h.  *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

i.  *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

j.  *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

k.  *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l.  *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)

(Numerous omissions from a letter sent by a debt collector to members of a homeowner's association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m.  *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n.  *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o.  *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p.  *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q.  *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r.  *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the

State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identity of the original creditor in a state collection pleading is a violation of the FDCPA under 15 U.S.C. § 1692e);

u. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

v. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000).

23. Many of the cases listed above, which have settled, resulted in the creation of combined common funds and/or distribution to class member in the hundreds of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by Kazerouni Law Group, APC in successfully prosecuting complex class actions.

**ADDITIONAL RELEVANT TRAINING, ASSOCIATIONS, AND AWARDS**

24. I have been requested to and have made regular appearances on KFNN 1510 Financial News Radio regarding consumer rights and debt collection laws.

25. I have appeared on KPHO's Channel 5 10:00 p.m. news program to discuss abusive debt collectors and consumer's rights.

26. I have appeared on 3TV's news program to discuss abusive debt collectors and the credit industry.

27.     I have appeared on the local NBC affiliate's 12 News to discuss consumer issues including the recent fraud by Wells Fargo Bank.

28.     I have given a presentation regarding consumer rights and the military to the Judge Advocates Office at the Marine Corp Air Station Base in Yuma, Arizona.

29.     I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

a.  Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Tucson, AZ - 2007;

b.  Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

c.  Three-day National Consumer Law Center Conference; Portland, OR - 2008;

d.  Three-day National Consumer Law Center Conference; San Diego, CA - 2009.

e.  Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in Seattle, WA in March 2011;

f.  Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in New Orleans, LA in March 2012;

g.  Four-day National Consumer Law Center Conference; Seattle, WA – October, 2012;

h.  Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Baltimore, MD - March 2013;

i.  Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in San Antonio, Tx - March 2014.

j.  Consumer Attorneys Association of Los Angeles, Annual Convention; Las

Vegas, NV – September 2014;

k.  Four-day National Consumer Law Center Conference; Tampa, FL – November, 2014;

l.  Three-day National Consumer Law Center: Fair Credit Reporting Act Training Conference, in Las Vegas, NV - May 2015;

m.  Consumer Attorneys Association of Los Angeles, Annual Convention; Las Vegas, NV – September 2015;

n.  Four-day National Consumer Law Center Conference; San Antonio, TX – November, 2015;

o.  Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Miami, FL - March 2016;

p.  Four-day National Consumer Law Center Conference; Anaheim, CA – October 2016.

q.  Three-day Mass Torts Made Perfect Conference; Las Vegas, Nevada – April 2019.

r.  Three-day Fair Credit Reporting Act Conference; Long Beach, CA – May 2019.

s.  Four-day NACA Spring Training on the FCRA and other consumer related matters including Class actions and arbitration – May 2022.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 4, 2025 in Phoenix, Arizona.

By:  */s/ David MCGlothlin*
David J. McGlothlin, Esq.

1
2
3
4
5
6
7 # EXHIBIT A
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



MAHLON OIE, individually and on )
Behalf of all others similarly situated, )
                             )
          Plaintiff, )
                             )     Case No. 2:24-CV-00775-JPS
      vs. )
                             )
KAMAN & CUSIMANO, LLC, )
                             )
          Defendant. )

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.    **Parties.** Defendant Kaman & Cusimano, LLC ("Defendant") and Plaintiff Mahlon Oie ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 13 (the "Class"), enter into this class settlement agreement (the "Agreement").

2.    **Case, Parties, and Nature of the Litigation.** Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Eastern District of Wisconsin, entitled *Mahlon Oie v. Kaman & Cusimano, LLC*, Case No. 2:24-CV-00775-JPS (the "Litigation" or "Action"). In the Litigation, Plaintiff alleged Defendant is a debt collector that unfairly and unlawfully attempted to collect an alleged debt by sending Plaintiff and Class Members communications that failed to provide certain requirements under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 *et seq.* Specifically, in the Litigation Plaintiff alleged Defendant violated sections 1692e, 1692f and 1692g of the FDCPA by misleading or falsely representing that Plaintiff had only ten (10) days to dispute the alleged debt or have it validated by Defendant.

3.    **Denial of Liability.** Defendant denies it violated the FDCPA and denies all liability to Plaintiff and the Class. Nonetheless, Defendant agrees to this settlement to

avoid the expense, burden, and uncertainty of further litigation.

4.      Plaintiff, individually and on behalf of the Class, desires to enter into this Agreement, having considered, with the assistance of counsel, the risks, delay, costs, and difficulties involved in establishing a right to recovery over that offered by this settlement.

5.      Class Counsel (as defined below) has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Class Counsel considers it to be in the best interest of the Class to enter into this Agreement.

6.      This Agreement is non-collusive, and resulted from and is the product of a good-faith, arm's-length negotiations. The Parties negotiated the Settlement Fund (as defined below) and Plaintiff's Recovery (as defined below) before any conversations as to attorneys' fees and costs. As a result of these efforts, the Parties believe that it is desirable, fair, and beneficial to the putative class that the Litigation now be fully and finally compromised, settled, and terminated in the manner and upon the terms and conditions set forth in this Agreement.  Accordingly, the Parties have agreed to enter into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Settlement Class Members as to the claims set forth in the Litigation in exchange for Defendant's agreement to provide the settlement relief to the Settlement Class Members as described in this Agreement.

7.      This Agreement resulted from and is the product of extensive investigation and evaluation of the facts and law concerning the claims asserted in the Litigation and good faith and arm's length settlement negotiations, relative to this being a small putative class of less than 100 members, the issues of fact being undisputed, and the law uncomplicated.

Counsel for the Parties engaged in discussions regarding the factual circumstances as well as potential strengths and weaknesses of the allegations in support of, and defenses to, the Litigation. Counsel for the Parties exchanged requested factual information, proposals, and discussed resolution. As a result of those actions, Counsel for the Parties reached a tentative agreement with regard to the material terms of the proposed settlement, which are memorialized in this Agreement.

8.      The parties agree that Class Counsel is entitled to reasonable attorney's fees and costs, but were unable to reach an agreement as to the amount. Defendant asserts that Class Counsel (as defined below) has a separate, yet nearly identical, litigation pending against Husch Blackwell. Defendant asserts that Class Counsel has utilized legal pleadings and written discovery in this Litigation that are substantially similar, if not identical, to legal pleadings and written discovery Class Counsel utilized in litigation against Husch Blackwell. Therefore, the Parties agree that Class Counsel is to petition the Court for reasonable attorneys' fees.

9.      The Parties recognize and acknowledge the uncertain outcome and the risk of any litigation, including establishing the claims and defenses asserted in this Litigation, the difficulties and expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions, and the delay of continued litigation and therefore, believe the settlement is in the best interest of the Parties.

10.     In consideration of the foregoing and other valuable consideration, the Parties each agree to settle the instant litigation in its entirety subject to the Court's approval, on the following terms and conditions.

**TERMS**

11. **Recitals.** The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

12. **Effective Date.** This Agreement becomes effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a Final Approval Order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (2) (a) if the Final Approval Order is not appealed, the expiration of five (5) days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's Final Approval Order and orders the consummation of the settlement under the terms and provisions of this Agreement.

13. **Class.** For purposes of this settlement only, Plaintiff and Defendant agree to the Court's conditional certification of the following Fed. R. Civ. P. 23(b)(2) settlement class (the "Class" and "Class Members"), which consists of:

   a. The Class consists of (a) all natural persons within the United States (b) who were subjected to Collection Activities of an alleged debt (c) to whom Defendant sent an initial communication between June 21, 2023, and June 21, 2024 (d) that was substantially similar or identical to the Collection Letter.

   b. "Collection Activities" means written validation notice (required by 15 U.S.C. § 1692g) sent to the consumer.

c.  "Collection Letter" means the collection letter Defendant sent to Plaintiff on April 30, 2024.

d.  The Parties estimate that there are approximately 93 individuals in the Class.

e.  Excluded from the Class are the Judge to whom the Litigation is assigned and any member of the Court's staff.

14.    Plaintiff Mahlon Oie will be appointed as Class representative. The law firms of Kazerouni Law Group, APC, and Shield Law, LLC, will be appointed as "Class Counsel."

15.    Defendant Kaman & Cusimano, LLC, bears the costs of retaining Class-Settlement.com (hereinafter "Settlement Administrator"). Subject to the oversight of Class Counsel and Defendant's counsel, the Settlement Administrator shall be responsible for, among other things, the following: (a) providing notice to Class Members as set forth in Section 19 below; (b) providing settlement checks to Class Members entitled to receive a settlement check; and (c) acting as a liaison between Class Members and the Parties regarding the settlement. The Settlement Administrator shall be permitted to communicate with Class Counsel and Defendant's counsel.

16.    **Relief to the Class Members ("Settlement Fund").**  Subject to Court approval, Defendant shall create a non-reversionary Settlement Fund of **$3,000.00**, which the Settlement Administrator shall distribute pro rata among the Settlement Class Members. The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class. Any reasonable attorneys' fees and costs

approved and awarded by the Court, and the costs of Settlement Administrator are not to be paid from the Settlement Fund.

17. **Relief to Plaintiff Mahlon Oie ("Plaintiff Recovery").** Subject to Court approval, Defendant shall pay, which the Settlement Administrator shall distribute, **$1,000.00** to Plaintiff/Class Representative Mahlon Oie, which represents damages and an incentive award.

18. **Attorneys' Fees and Costs.** Class Counsel and Counsel for Defendant disagree as to reasonable attorneys' fees and costs as a result of the Litigation. Therefore, Class Counsel shall petition the Court for reasonable attorneys' fees and costs within 60 days of the Preliminary Approval (as defined in Paragraph 27 below). Defendant reserves any and all defenses to Class Counsel's claim for attorney's fees and costs.

19. **Timing of Payments.** The payments required by Paragraphs 16-18 of this Agreement, shall be distributed as follows:

   a. **Class List Disclosure.** Defendant shall provide the names and last-known addresses of all Class Members ("Class List") to the Settlement Administrator within thirty (30) days of the execution of this Agreement.

   b. **Class List Mail Notice.** No later than thirty (30) days after the date of the Order granting Preliminary Approval, or earlier if possible, the Settlement Administrator shall send by first class mail the Mail Notice to each person in the Class List at their last known address as provided by Defendant or as updated by the Settlement Administrator. Any Mail Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to

such forwarding address. The Mail Notice to the Class will consist of notice in the form of the attached <u>Exhibit 3</u>.

c. **Class Action Settlement Administrator.** At least ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall file a declaration of compliance with the notice procedure set forth above.

d. **Distribution of Settlement Fund.** No later than thirty (30) days after the Effective Date, the Settlement Administrator shall distribute pro rata the Settlement Fund of **$3,000.00** to the Settlement Class Members. Remaining funds in the Settlement Fund that have not been distributed following the expiration of checks issued, or any money that has not been distributed (the "Remaining Funds"), shall be paid as *cy pres* to Marquette Law School Volunteer Legal Clinic, as approved by the Court. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendant.

e. **Distribution of Plaintiff's Recovery.** No later than twenty-one (21) days after the Effective Date, the Settlement Administrator shall deliver a check to Plaintiff in the amount of **$1,000.00** as set for in Paragraph 17 and upon receipt of a completed W-9 for Plaintiff. The Settlement Administrator shall send the check to Plaintiff at an address provided to the Defendant's counsel by Class Counsel.

f. **Distribution of Attorneys' Fees and Costs Payment.** Class Counsel and Defendant's counsel have not agreed upon reasonable attorney fees and costs associated with the Litigation. Class Counsel shall petition the Court pursuant to Paragraph 18 above. Defendant shall deliver to Class Counsel a check for attorneys' fees and costs within 30 days of a court order or mutual agreement between Class

Counsel and Defendant's Counsel.

20.     **Dismissal Order**.  Once Defendant makes any payments ordered by the Court for payment of Attorney's Fees and Costs, the Litigation will be dismissed with prejudice as to Plaintiff and the Settlement Class Members, which is the Class Members who did not exclude themselves from the settlement via the Opt-Out Request described below.

21.     **Right to Opt-Out of Settlement.** Class Members have the right to opt out and exclude themselves from the settlement by mailing an opt-out request ("Opt-Out Request") to the Settlement Administrator within forty-five (45) days following the Notice Deadline. The Opt-Out Request must be postmarked on or before the Opt-Out and Objection Deadline specified on the Mail Notice.  The Settlement Administrator will provide copies of such opt-out requests to Class Counsel and counsel for Defendant within fourteen (14) days of the Opt-Out and Objection Deadline.

   a.  The Opt-Out Request shall be in writing and include the case name and case number of the Litigation, the Class Member's name, address, email, and telephone number, and must be signed by the Class Member.

   b.  The Opt-Out Request shall include the following statement: "I/we request to be excluded from the settlement in the Oie v. Kaman & Cusimano FDCPA class action."

   c.  Except for those Class Members who have properly and timely mailed an Opt-Out Request, all Settlement Class Members will be bound by this Agreement and the Final Judgment to be entered following the hearing for final approval of the Agreement

22.     **Right to Object**. All Class Members have the right to object to this settlement.

Objections must be filed with the Court <u>and</u> mailed to the Settlement Administrator at the address designated in the Mail Notice, to be postmarked no later than forty-five (45) days after the Notice Deadline.

a. For an objection to be valid, it must be in writing, must be filed with the Court and mailed to the Settlement Administrator.

b. Any objection must set forth the case name and case number of the Litigation, Class Member's full name, address, and telephone number, and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel.

c. If a Class Member is represented by counsel, counsel's name, address, email address and telephone number shall be set forth in any Objection.

d. A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for all Parties. The Class Member is solely responsible for any fees, costs, or expenses.

e. The objecting Class Members shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. The Settlement Administrator will provide to Class

Counsel and Defendant's Counsel all copies of any objections mailed to the Claims Administrator.

f. Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed in the Mail Notice shall have waived any right to object to the Agreement and shall not be permitted to object to this Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of this Agreement by appeal or other means.

**23.** **Right to Enter an Appearance:** On or before the date specified in the Mail Notice, a Class Member may enter an appearance through an attorney if he or she so desires. The Class Member is solely responsible for any fees, costs, or expenses of his or her attorney.

**24.** **Release.** Upon the Effective Date, Plaintiff grants the following release: Plaintiff and each Settlement Class Member (other than those Class Members who have timely and properly filed an Opt-Out Request) releases and discharges Defendant, as well as their respective predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates, collection agencies, and subcontractors, law firms, attorneys and trustees (in such capacities as they relate to the actions that gave rise to the claims asserted in the Litigation) (collectively, "Released Parties"), from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution,

Case 2:24-cv-00775-JPS    Filed 06/04/25    Page 24 of 55    Document 19-1

disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, that arise out of, relate to, or are in connection with the debt collection letters that are the subject of this Litigation ("Released Claims").

25.     **Approval by the Court.** The above Release in Paragraph 24 of this Agreement is conditioned upon the approval of this Agreement by the Court and the parties meeting the obligations set forth herein.  If this Agreement is not approved by the Court or for any reason does not become effective, it is deemed null and void and without prejudice to the rights of the parties hereto and will not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever.

26.     **Class Action Fairness Act.** Settlement Administrator shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").  Any costs incurred for sending CAFA notice are solely the responsibility of Defendant, separate and distinct from the Relief to the Class Members, Relief to Plaintiff, and any payment of attorney's fees and costs set forth in paragraphs 16-18.  At least ten (10) days prior to the filing of the Final Approval Motion, the Settlement Administrator shall provide Class Counsel a declaration of compliance with CAFA.

27.     **Preliminary Approval.** The Parties agree to the proposed Preliminary Approval order attached hereto as Exhibit 1. The fact that the Court may require non-substantive changes to the order does not invalidate this Agreement. As soon as practicable after execution of this Agreement, the parties shall apply to the Court for entry of the Preliminary

Approval order, attached as <u>Exhibit 1</u>, which:

    a.  Preliminarily approves this Agreement and the settlement reflected herein as fair, adequate and reasonable to the Class, and within the reasonable range of possible final approval;

    b.  Schedules a hearing for final approval of this Agreement; and

    c.  Finds that only CAFA notice is required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

    d.  The Court approves the form of the Mail Notice and find that the notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

    e.  The Court direct that notice be provided to the Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order ("Notice Deadline");

    f.  The Court shall establish a procedure for Class Members to object to the settlement or exclude themselves from the Class by Opt-Out;

    g.  The Court shall set a deadline forty-five (45) days after the Notice Deadline, after which no one shall be allowed to object to the settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

    h.  The Court shall, pending determination of whether the Agreement should be finally approved, bar and enjoin all persons in the Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration

forum or tribunal asserting any of the Released Claims unless they timely Opt-Out;

i. The Court shall, pending final determination of whether the Agreement should be approved, stay all proceedings except those related to effectuating the Agreement; and

j. The Court shall schedule a hearing to consider Final Approval of the Agreement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

**28. Final Approval.** At the conclusion of or as soon as practicable after the hearing on the fairness, reasonableness, and adequacy of this Agreement, and the expiration of at least 90 days from the Preliminary Approval of the settlement, Class Counsel and Defendants' counsel shall request that the Court (i) enter the Final Approval Order attached hereto as Exhibit 2 approving the terms of this Agreement as fair, reasonable, and adequate; (ii) providing for the implementation of those terms and provisions; (iii) finding that the notice given to the Class satisfies the requirements of due process and Rule 23; (iv) find that the Class Members have been adequately represented by Class Counsel; (v) approve the plan of distribution for the Settlement Fund; (vi) dismiss on the merits and with prejudice all claims of the Settlement Class Members (including Plaintiff) , asserted against Defendant, as well as the Litigation, without costs to any party, except as provided in this Agreement; (vii) directing the entry of a Final Approval Order; and (viii) retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this settlement for 180 days after entry of the Final Approval Order. The fact that the Court may require non-substantive changes to the proposed Final Approval Order attached hereto as Exhibit 2 does not invalidate this Agreement.

**29.** **Effect of Court's Denial of Preliminary or Final Approval of Settlement.** There is no settlement if the Court does not preliminarily approve the settlement or finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein. In such event, (a) this Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, approving the Mail Notice, and providing notice to the Class shall be vacated; (c) the Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Agreement was fully executed; and (e) neither the settlement nor any communications or negotiations leading up to the settlement nor any of the settlement's provisions or the fact that this Agreement has been made shall be admissible in this Litigation or in any other action for any purpose whatsoever.

**30.** **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharge and release the "Released Parties," as defined in Paragraph 24 above, from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined pursuant to Paragraph 18 above, for legal services rendered in this Litigation.

**31.** **Representations and Warranties.** Each of the Parties to this Agreement represents warrants and agrees as follows:

    a.   <u>Assignment of Claims</u>. No party has hereto assigned, transferred or granted, or

purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Agreement.

b. <u>Legal Advice</u>. The Parties hereto acknowledge that they have had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Agreement and all other matters contained herein.

c. <u>Investigation</u>. The Parties hereto acknowledge that they have either been represented in the negotiations for, and in preparation of, this Agreement by counsel of their choice; that they have read this Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision thereof. Each party to this Agreement has made such investigation of the facts pertaining to this Agreement and of all of the matters pertaining thereto as it deems necessary.

d. <u>Authority and Capacity to Execute Settlement Agreement</u>. The undersigned individually warrant and represent that they are authorized to execute this Agreement.

32. **Miscellaneous Provisions.**

a. The parties acknowledge this Agreement memorializes the compromise of disputed actual and potential claims.

b. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.

c. Notices related to this Agreement shall be sent to the following attorneys:

Matthew McKenna,
Shield Law, LLC,
237 South St. Unit 110
Waukesha, WI 53186

David McGlothlin,
Mona Amini,
Gustavo Ponce,
Kazerouni Law Group, APC,
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626

John K. Rossman
Trevor Johnson
Rossman Kirk, PLLC,
2626 East 82nd Street, Suite 135
Bloomington, MN 55425

Without Court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d. This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e. This Agreement may be executed in counterparts, in which case the various counterparts constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f. Every term of this Agreement is binding upon and inures to the benefit of Plaintiff, the Class, and their successors and personal representatives, and binds and inures to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g.  This Agreement is governed by and interpreted under the laws of the State of Wisconsin. The Parties represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

**IN WITNESS WHEREOF**, the parties hereto, acting by and through their respective counsel of record, have so agreed:


**Plaintiff individually
and as Class Representative:**

_____

Mahlon Oie

Dated: _____6/2/25_____


**Defendant Kaman & Cusimano, LLC**

By: _____
  Its duly authorized representative
  Name:

Dated: _____

g. This Agreement is governed by and interpreted under the laws of the State of Wisconsin. The Parties represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

**IN WITNESS WHEREOF**, the parties hereto, acting by and through their respective counsel of record, have so agreed:

**Plaintiff individually
and as Class Representative:**

**Defendant Kaman & Cusimano, LLC**

_____

Mahlon Oie

By: _____ Mg Partner
Its duly authorized representative
Name:

Dated: _____

Dated: June 3, 2025

Attorneys for Mahlon Oie
and the Class:

Matthew McKenna
Shield Law, LLC,
237 South Street, Unit 110
Waukesha, WI 53186

David McGlothin
Mona Amini
Gustavo Ponce
Kazerouni Law Group, APC,
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626

Attorneys for Defendant Kaman &
Cusimano, LLC

John K. Rossman
Trevor S. Johnson
Rossman Kirk, PLLC
2626 East 82nd Street, Suite 135
Bloomington, MN 55425

Attorneys for Mahlon Oie
and the Class:

Attorneys for Defendant Kaman &
Cusimano, LLC

_____

Matthew McKenna
Shield Law, LLC,
237 South Street, Unit 110
Waukesha, WI 53186

_____

John K. Rossman
Trevor S. Johnson
Rossman Kirk, PLLC
2626 East 82nd Street, Suite 135
Bloomington, MN 55425

_____

David McGlothin
Mona Amini
Gustavo Ponce
Kazerouni Law Group, APC,
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626

1
2
3
4
5
6
7
# EXHIBIT 1
8
9
10
11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>KAMAN & CUSIMANO, LLC,<br><br>    Defendant. | Civil Action No. 2:24-cv-00775-NJ |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On _____, 2025, Plaintiff Mahlon Oie ("Plaintiff") and Defendant Kaman & Cusimano LLC ("Defendant") (collectively "the Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement," "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 2025, Plaintiff filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by Defendants.

On _____, 2025, upon consideration of the Agreement, Plaintiff's Preliminary Approval Motion, and the record in this Action, **NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **JURISDICTION:** The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

1

2. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:** The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to the Class and a hearing shall be held on final approval of the Settlement.

3. **SETTLEMENT CLASS MEMBERS:** Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class Members:

> The Class consists of (a) all natural persons within the United States (b) who were subjected to Collection Activities of an alleged debt (c) to whom Defendant sent an initial communication between June 21, 2023, and June 21, 2024 (d) that was substantially similar or identical to the Collection Letter.

4. **CLASS CERTIFICATION:** The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL:** For purposes of preliminary approval, the Court appoints Plaintiff Mahlon Oie as the Class Representative; and Plaintiff's counsel David McGlothlin, Mona Amini, and Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, are appointed as Class Counsel.

2

6. **CLASS NOTICE AND SETTLEMENT ADMINISTRATOR:** The Court approves the form and method of Class Notice set forth in the Settlement Agreement. The Court finds that the form and method of notice set forth in the Settlement Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances. The Court approves the proposed Mail Notice attached to the Settlement Agreement as **Exhibit 3**. The Court preliminarily appoints Class-Settlement.com as the Settlement Administrator and they are directed to disseminate notice as set forth in the Settlement Agreement.

7. **SETTLEMENT AND CLAIMS PROCESS:** The Court preliminarily approves the Settlement as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Settlement Agreement for reviewing, approving and issuing payments from the Settlement Fund on a pro rata basis.

8. **EXCLUSIONS:** Any Class Member who desires to be excluded from the Settlement must mail a written request to the Settlement Administrator at the address designated in the Class Notice and, to be postmarked no later than the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order. Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) case name and case number included in the Mail Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Oie v. Kaman & Cusimano FDCPA class action." The Settlement Administrator's address shall be provided in the Mail Notice mailed to the Class Members. The Settlement Administrator shall provide a list of all Opt-Out Requests to Class Counsel and Defendants

within fourteen (14) days after the Opt-Out and Objection deadline. A list of the Class Members excluded from the Settlement will be filed with the Motion for Final Approval of the Class Action Settlement. Any Class Member who submits a valid and timely Opt-Out Request shall not be a member of the Settlement Class, and shall not be bound by the Settlement Agreement or Settlement.

9. **<u>OBJECTIONS</u>:** Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Court, on or before the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order <u>and</u> mail a written objection to the Settlement Administrator, to be postmarked no later than the Opt-Out and Objection Deadline. To be considered, written objection must be signed by the Class Member and (A) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the case name, case number, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel; (B) include a statement of such Class Member's specific objections; (C) state the grounds for objection and attach any documents supporting the objection; and (D) shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise

4

10. **<u>FINAL APPROVAL HEARING:</u>** The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 2025 at _____ am/pm. The Final Approval Hearing may be rescheduled or continued by the Court or upon stipulation of the Parties. At the hearing, the Court will consider the following issues:

- Whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

- Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

- Whether the Final Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

- Any such other issues as the Court deems appropriate.

11. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

12. If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

13. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Date

_____     _____

THE HON. J.P. STADTMUELLER
U.S. DISTRICT COURT JUDGE



1
2
3
4
5
6
7    # EXHIBIT 2
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KAMAN & CUSIMANO, LLC, <br><br> Defendant. | Civil Action No. 2:24-cv-00775-NJ |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On _____, 2025, Plaintiff Mahlon Oie ("Plaintiff") and Defendant Kaman & Cusimano, LLC ("Defendant") (collectively "the Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement," "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 2025, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by Defendants.

On _____, 2025, upon consideration of the Agreement, Preliminary

Approval Motion, and the record in this Action, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 2025, Plaintiff filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). In the Final Approval Motion, Plaintiff requested, *inter alia*, final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed Settlement.

On _____, 2025, the Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **<u>JURISDICTION</u>:** The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

2. **SETTLEMENT CLASS MEMBERS:** Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class members:

> The Class consists of (a) all natural persons within the United States (b) who were subjected to Collection Activities of an alleged debt (c) to whom Defendant sent an initial communication between June 21, 2023, and June 21, 2024 (d) that was substantially similar or identical to the Collection Letter.

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:** Pursuant to Fed. R. Civ. P. 23, Plaintiff Mahlon Oie is the Class Representative; and Plaintiff's counsel David McGlothlin, Mona Amini, and Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, are certified as Class Counsel.

4. **NOTICE AND CLAIMS PROCESS:** Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Class-Settlement.com, has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R.

Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Class Members of their rights. Further, the Court finds that the Settlement is finally approved, and the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. **<u>FINAL CLASS CERTIFICATION:</u>** The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

6. **<u>SETTLEMENT TERMS:</u>** The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by

4

this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

- The Settlement Administrator shall pay each of the _____ Class Members, who did not timely submit an Opt-Out request excluding themselves from the Settlement, a Settlement Award in the sum of $_____ from the Settlement Fund established by Defendant;

- The Settlement Administrator shall pay from the Settlement Fund the sum of $1,000 to the named Plaintiff or Class Representative, payable through Class Counsel, as an Incentive Award for bringing and participating in this Action;

- The Settlement Administrator shall be paid the sum of $_____ by Defendants for its costs and fees incurred for the cost of notice and settlement administration and any amounts advanced by Defendants for those purposes shall be credited and refunded to them from the Settlement Fund; and

- The Settlement Administrator shall pay to Class Counsel the sum of $_____ as attorneys' fees and costs incurred in litigating this Action, in the manner specified in the Agreement.

7. **<u>EXCLUSIONS AND OBJECTIONS</u>:** A total of _____ exclusions were received. Those persons requesting exclusion are named on Exhibit A to this

Order. The Court hereby excludes these individuals from the Class and Settlement.

8. The Class Members were given an opportunity to object to the settlement. Only _____ Settlement Class Members filed objections. After consideration of each of the objections, the Court hereby overrules such objections.

9. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

10. **RELEASE OF CLAIMS AND DISMISSAL OF ACTION:** The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

11. The Action is hereby dismissed with prejudice in all respects.

12. This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

13. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction

over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Date

_____    _____
                                    THE HON. J.P. STADTMUELLER
                                    U.S. DISTRICT COURT JUDGE



1
2
3
4
5
6
7 # EXHIBIT 3
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***MAHLON OIE V. KAMAN & CUSIMANO, LLC, Case No. 2:24-cv-00775-NJ***

***UNITED STATES DISTRICT COURT***
***EASTERN DISTRICT OF WISCONSIN***

NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION

IF YOU RECEIVED AN INITIAL WRITTEN COMMUNICATION FROM DEFENDANT KAMAN & CUSIMANO, LLC IN AN ATTEMPT TO RECOVER SUMS DUE BETWEEN JUNE 21, 2023, AND JUNE 21, 2024, YOU MAY BE ENTITLED TO BENEFITS UNDER THIS SETTLEMENT.

Please Read This Notice Carefully, As It Affects Your Legal Rights.

***The United States District Court for the Eastern District of Wisconsin authorized this notice.***

***This is not a solicitation from a lawyer.***

Your rights may be affected by the proposed settlement ("Settlement") discussed in this court-authorized notice ("Notice"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from the settlement class, and the effect of exercising your various options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** **(PARTICIPATE IN THE SETTLEMENT)** | If you agree with the proposed Settlement, you need not do anything to participate in the Settlement. |
| **EXCLUDE YOURSELF** | You will not be entitled to participate in the Settlement if you choose this option. |
| **OBJECT OR COMMENT** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment in support of or in opposition to the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

| 1. Why did the Court authorize issuance of this notice? |
|---|

This Notice is given to inform you that: (1) a class action lawsuit is pending in the United States District Court for the Eastern District of Wisconsin entitled, *MAHLON OIE V. KAMAN & CUSIMANO, LLC, Case No. 2:24-cv-00775-NJ*; (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the proposed Settlement may affect your legal rights; and (5) you have a number of options.

| 2. What is this Litigation about? |
|---|

Plaintiff MAHLON OIE ("Plaintiff") alleges that Defendant KAMAN & CUSIMANO LLC ("Defendant") violated the federal Fair Debt Collection Practices Act ("FDCPA").

Defendant denies Plaintiff's allegations and denies any violation of law. Further, Defendant denies liability to Plaintiff and/or any Settlement Class Member for alleged violations of the FDCPA. Accordingly, neither this Notice nor the proposed Settlement reflects any admission by Defendant that their initial communications sent in attempt to recover sums due violated any law or the rights of any recipient of such notices.

**3.     How do I know if I am part of the Settlement Class?**

The Court has conditionally certified the following "Settlement Class":

"Class" means all natural persons within the United States who were subjected to Collection Activities of an alleged debt to whom Defendant sent an initial communication between June 21, 2023 and June 21, 2024 that was substantially similar or identical to the Collection Letter. The Parties estimate that there are approximately 93 individuals in the Class.

**4.     Why did the parties agree to a Settlement?**

The Court did not decide in favor of the Plaintiff or Defendant.  Instead, both sides agreed to a Settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions.  The parties reached this agreement only after investigation of the claims alleged and the relevant facts, and independent consideration of the risks and benefits of settlement through arms-length negotiations.

Class Counsel and Plaintiff have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk of prolonged litigation.  They also considered the value of the immediate benefit of settlement to Class Members versus the costs and delay of litigation through trial and appeals. Even if Plaintiff was successful in these efforts, Class Members may not receive any benefits for years.

**5.     What benefit does the Settlement provide?**

If the proposed Settlement is approved by the Court, it will provide cash payments to the Class. In return for the relief described below, Class Members release their rights to pursue any claims individually against Defendant relating to the claims at issue in this Action.

The following description of the settlement benefits is qualified in its entirety by reference to the Settlement Agreement, a copy of which is on file with the Court.

The parties have agreed to a settlement, which is summarized as follows:

a)     <u>Settlement Awards to the Settlement Class Members</u>.  A Settlement Fund of $3,000.00 shall be divided pro rata and paid by Defendant to the Settlement Class Members.

b)     <u>Incentive Award</u>. The named Plaintiff, or Class Representative, shall receive the sum of $1,000.00, which represents an Incentive Award for the time and effort he has personally invested in this Action as the Class Representative.

**6.     How do I Receive My Settlement Award?**

To receive the Settlement Award under the Settlement, you do not need to do anything.  If you do not exclude yourself from the Settlement by opt-out, you will receive your Settlement Award in the mail after the Court grants Final Approval to the Settlement.

**7.     What claims do I release if I do not opt out of this settlement?**

Unless you exclude yourself from the Class, approval of this Settlement will result in a release by you of all claims against Defendant arising from, related to, or connected with the Action, the FDCPA, or any collection notices or communications, directed by Defendant to the Class Members between June 21, 2023 and June 21, 2024.

**8.     Do I have a lawyer in the case?**

The Court has appointed the following law firm as Class Counsel: David McGlothlin, Mona Amini, Esq., and Gustavo Ponce, Esq., of the law firm Kazerouni Law Group, APC, located at 245 Fischer Ave., Unit D1, Costa Mesa, CA 92626, and Matthew McKenna, Esq., of the law firm Shield Law, LLC located at 237 South St. Unit 110, Waukesha, WI 53186.

**9.     How will the lawyers for the Settlement Class be paid?**

If the Court approves the Settlement, the Court also will determine what amount of attorneys' fees, costs and all other expenses should be paid to Class Counsel for their representation of Plaintiff and the Class in this Action. Payment of attorneys' fees and litigation costs to Class Counsel will not reduce any benefit available to you as part of the Settlement, and will be paid separately by Defendant, separate from the Settlement Fund. The parties have agreed that Class Counsel shall be entitled to reasonable fees and costs to be determined by the Court. This amount, will be paid by Defendant separate from the Settlement Fund created to provide payment of the Settlement Awards to the Settlement Class Members and the Incentive Award.

| 10. | What happens if I do nothing after receiving this Notice? |
| --- | --- |

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendant concerning the facts at issue in this Action. If the Settlement is approved, and you do not opt-out of the settlement class, you will receive a cash benefit under the Settlement.

| 11. | What does it mean to request exclusion from the Settlement Class? |
| --- | --- |

If you are a member of the Class and will be bound by the Settlement if the Court approves it unless you exclude yourself from the Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in a similar lawsuit against Defendant. Persons who exclude themselves from the Class by mailing a valid written Opt-Out Request will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue Defendant separately at their own cost.

You cannot exclude yourself from the Class and the Settlement if you wish to object to the settlement and/or appear before the Court during the Final Approval Hearing (see paragraphs 12 and 13), as you need to be a Class Member affected by the Settlement to object or appear.

| 12. | How do I request exclusion from the Settlement? |
| --- | --- |

You may exclude yourself from the Class provided that your request is made in writing and mailed to the Settlement Administrator, postmarked before _____, 2025, which is a date 75 days after the date of the Preliminary Approval Order ("Opt-Out and Objection Deadline"). Your written Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, and current address of the person in the Class requesting exclusion; (iii) case name and case number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Oie v. Kaman & Cusimano FDCPA class action."

No request for exclusion/opt out will be valid unless all of the information described above is included. Your written request to exclude yourself from the Settlement must be mailed to the Settlement Administrator, Class-Settlement.com, at 20 Max Avenue, Hicksville, New York 11801.

You will be excluded from the settlement only if your request is *postmarked* on or before _____ (75 days after the date of the Preliminary Approval Order), and includes the required information. The date of the postmark on the Opt-Out Request shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

| 13. | What if I object to the Settlement? |
| --- | --- |

If you are a Class Member, you can object or comment on the Settlement. To object to the settlement, you must make an objection in writing and file it with the Court by the Opt-Out and Objection Deadline, _____ (75 days after the date of the Preliminary Approval Order) and mail the written objection to the Settlement Administrator at the address set forth in paragraph 12, to be postmarked no later than the Opt-Out and Objection Deadline (75 days after the date of the Preliminary Approval Order). An objection must: (A) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the case name and case number, Class Member's full name, address, email, telephone number and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf

or through counsel; (B) include a statement of such Class Member's specific objections; (C) state the grounds for objection and attach any documents supporting the objection; and (D) shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else

Any Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A Class Member intending to make an appearance at the Final Approval Hearing must: (i) file a notice of intention to appear with the Court no later than twenty (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of intention to appear on all counsel for all Parties.

You must notify the Court, Class Counsel, and Defendant's Counsel of your objection postmarked by _____, 2025, and your notice to of intention to appear regarding the objection before _____, 2025 twenty-one (21) days prior to the Final Approval Hearing and mail your objection to *each* of the following:

**Class Counsel:**
David McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

Matthew McKenna, Esq.
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

**Defendant's Counsel:**
John K. Rossman
Trevor S. Johnson
ROSSMAN KIRK, PLLC
2626 E. 82nd Street, Suite 135
Bloomington, MN 55425
E-mail:john.rossman@rossmankirk.com
E-mail: trevor.johnson@rossmankirk.com
Telephone: (612) 439-5551
Facsimile: (612) 429-3620

If your objections do not meet all of the requirements set forth in this section, they may be deemed invalid and may be overruled.

| 14. | When and where will the Court determine whether to approve the Settlement? |
|---|---|

The Court has scheduled a Final Approval Hearing at _____ on _____, 2025 in Courtroom __ of the United States District Court for the Eastern District of Wisconsin located at 517 East Wisconsin Avenue Rm 362 Milwaukee, WI 53202. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider any objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration without oral argument.

| 15. | Do I have to come to the final approval hearing? |
|---|---|

No. You are not required to attend the hearing but you are welcome to come at your own expense if you wish.

Class Members who object to the Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a notice of intent to appear to the Court at the address set forth in Section 14 above, and serve copies on Class Counsel and counsel for Defendant at the addresses set forth in Section 14 above no later than _____, 2025.

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing. Any Class Member who does not file and serve a notice of intention to appear in accordance with these instructions may be barred from speaking at any hearing concerning this Settlement.

| 16. | How do I get more information about the Settlement? |
|---|---|

This Notice only summarizes the Settlement. The official terms of the Settlement are available by reviewing the public files for the United States District Court for the Eastern District of Wisconsin, or by sending a self-addressed, stamped envelope to the Settlement Administrator, Class-Settlement.com, 20 Max Avenue, Hicksville, New York 11801, or by contacting Class Counsel. Please do not contact the Court with questions regarding the Settlement.