# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAHLON OIE,

              Plaintiff,

v.

KAMAN & CUSIMANO, LLC,

              Defendant.

Case No. 24-CV-775-JPS

**ORDER**

**1.    BACKGROUND**

In June 2024, Plaintiff Mahlon Oie ("Plaintiff") filed this putative class action against Defendant Kaman & Cusimano, LLC ("Defendant") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). ECF No. 1. Plaintiff claims that Defendant "unlawfully attempted to collect alleged debts due from Plaintiff and other similarly situated consumers in violation of the" FDCPA. ECF No. 19 at 1; *see* ECF No. 1.

In February 2025, the parties informed the Court that they reached a settlement. ECF No. 17. Plaintiff then submitted an unopposed motion for preliminary approval of the Class Action Settlement and for certification of the proposed class in June 2025. ECF No. 19. The Court is satisfied that the requirements of Rule 23 are met and will grant the motion and certify the proposed class. Further being satisfied that the parties' Class Settlement Agreement appears to be fair and reasonable—with only one potential caveat that can be addressed at the fairness hearing to come—the Court will preliminarily approve it.

## 2. FACTUAL ALLEGATIONS

Plaintiff alleges that he incurred debt as defined by 15 U.S.C. § 1692a(5) and then allegedly defaulted on that debt. ECF No. 19 at 3 (citing ECF No. 1 at 4). Defendant was then assigned or transferred Plaintiff's debt and attempted to collect it from Plaintiff. *Id.* (citing ECF No. 1 at 4–5). In doing so, Defendant allegedly sent Plaintiff and similarly situated putative class members a false or misleading collection communication (the "Collection Letter") representing that they only had ten days to dispute the stated debt or request validation of the debt from Defendant. *Id.* at 2; ECF No. 1 at 4–6, 9–12. Defendant sent this initial communication to Plaintiff on April 30, 2024. *Id.* at 3–4 (citing ECF No. 1 at 5). Defendant denies wrongdoing and has asserted defenses. ECF No. 19 at 2; *see generally* ECF No. 8.

Plaintiff's proposed class (the putative class), includes: "all natural persons within the United States . . . who were subjected to Collection Activities of an alleged debt . . . to whom Defendant sent an initial communication between June 21, 2023 and June 21, 2024 . . . that was substantially similar or identical to the Collection Letter." *Id*. at 4–5. The parties agree that this putative class contains approximately 93 members. ECF No. 19 at 5, 14.

## 3. CLASS CERTIFICATION

For the Court to certify Plaintiff's proposed class, Plaintiff must show the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)–(4).

Further, a class may only be certified if it meets one of the subsections of Rule 23(b). *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011)).

Plaintiff "bears the burden of proving by a preponderance of the evidence all necessary prerequisites to the class action." *Id*. "This normally means that some discovery related to the class certification must take place." *Id.* Accordingly, when determining whether Plaintiff has met his burden, "[t]he court does not presume that all well-pleaded allegations are true for purposes of deciding the certification question." *Armes v. Sogro, Inc.*, No. 08-C-0244, 2011 WL 1197537, at *2 (E.D. Wis. Mar. 29, 2011) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676–77 (7th Cir. 2001)); *Priddy*, 870 F.3d at 660 (noting that the Court does not conduct its class certification inquiries in a "fact-free zone"). "Rather, it should look beneath the surface of a complaint to conduct the inquiries identified in Rule 23 and exercise the discretion it confers." *Armes*, 2011 WL 1197537, at *2 (quoting *Szabo*, 249 F.3d at 677 (internal bracketing and quotation marks omitted)). Ultimately, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

### 3.1 Numerosity

First, the Court considers whether the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no express cut-off in terms of number, the Seventh Circuit has indicated that a class of 40 members satisfies this requirement where the class members' potential recoveries were too small to warrant the pursuit of individual actions. *Swanson v. Am. Consumer Industries, Inc.*, 415 F.2d 1326,

1333 n.9 (7th Cir. 1969); *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) ("[A] forty-member class is often regarded as sufficient to meet the numerosity requirement." (quoting *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017))). The parties agree here that the putative class contains 93 members. ECF No. 19 at 14; ECF No. 19-1 at 3, 52. The numerosity requirement requires a court to look beyond just numbers, however, at the nature of the action, location of putative class members, and the size of individual claims as well. *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). Given the small potential recovery for individual members of the putative class and the nature of the factual allegations that appear to lend this matter to an efficient class adjudication, the Court finds that the 93-member putative class is sufficiently numerous to satisfy Rule 23's numerosity requirement.

### 3.2 Commonality

The Court next considers whether "there are questions of fact and law common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, Plaintiff's claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Orr*, 953 F.3d at 498 (quoting *Dukes*, 564 U.S. at 350).

Plaintiff asserts that common questions of law and fact include:

> (1) whether Defendant's claim of bona fide error provides a defense to Defendant's standard practice of sending initial communications to consumers that mislead or falsely represent that the recipient has only ten (10) days to dispute the alleged debt or have it validated by Defendant; (2) whether Plaintiff and the [putative c]lass can recover statutory damages under the FDCPA as a result of

> Defendant['s] wrongdoing; and (3) whether the initial communication Defendant[] sent to 93 alleged debtors violates sections 1692e, 1692f and 1692g of the FDCPA under the "least sophisticated" debtor standard because Defendant [sic].

ECF No. 19 at 15. While the last issue that Plaintiff sets forth is unclear because his submission prematurely cuts off the sentence, the Court finds that common issues of law and fact exist in this case because all of the putative class members received the same letter or a letter with similar language. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (commonality requirement is typically met where the defendant has "engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents" (citing *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D. Ill. 1995); *Kleiner v. First Nat'l Bank of Atlanta*, 97 F.R.D. 683, 691 (N.D. Ga. 1983); and *Heartland Comms., Inc. v. Sprint Corp.*, 161 F.R.D. 111 (D. Kan. 1995))); *see Keele*, 149 F.3d at at 593–94 (affirming district judge's finding of commonality where all members of the proposed class received the same letter containing allegedly illegal demands for payment of a debt); *Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 284 (S.D. Ohio 2003) ("In FDCPA cases, where plaintiffs have received similar debt collection letters . . . courts have found common questions of law or fact sufficient to certify the class." (citing *Edwards v. McCormick*, 196 F.R.D. 487, 494 (S.D. Ohio 2000) (internal brackets and quotation marks omitted)).

### 3.3   Typicality

Third, the Court determines if Plaintiff's claims or defenses are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). A claim is typical if it "arises from the same event or practice or course of conduct

that gives rise to the claims of other class members and . . . [is] based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typicality requires 'enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group.'" *Orr*, 953 F.3d at 500 (quoting *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011)). Plaintiff asserts that "Plaintiff's claims are typical of the [putative class claims], as they arise from a nearly identical factual basis because Defendant's standardized conduct gave rise to the FDCPA claims." ECF No. 19 at 16. Plaintiff received the same form communication from Defendant as the rest of the putative class members, with the only differences being "the date of the communication, and the debtor's name, address, email address, and account number." *Id.* Plaintiff alleges that this form communication from Defendant violates Sections 1692e, 1692f, and 1692g of the FDCPA by misleading or falsely representing the amount of time that putative class members, including Plaintiff, had to dispute the alleged debt. *Id.* The Court finds that Plaintiff's claims are typical of the putative class because Plaintiff received the same or a substantially similar form letter to all members of the putative class. *See Lucas v. GC Servs. L.P.*, 226 F.R.D. 337, 341 (N.D. Ind. 2005) ("All of the class members' claims arise from the same practice . . . which gave rise to Plaintiffs' claims, that is each time Defendants sent a collection letter similar to that received by Plaintiffs, they allegedly violated the Fair Debt Collection Practices Act. Thus, Plaintiffs' claims are typical of the class because they arise from the same course of conduct and are based on the same general legal theory."); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004) ("Parties seeking

class certification have satisfied the typicality requirement by showing that all prospective class members received a 'variation of the same collection letter.'" (quoting *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000))).

    **3.4**    **Adequacy**

The Court next considers if Plaintiff and Plaintiff's counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement looks at both "'the adequacy of the named plaintiff's counsel, and the adequacy of the representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Secretary of Labor v. Fitzsimmons*, 805 F.3d 682, 697 (7th Cir. 1986) (en banc)). Here, Plaintiff asserts that he has no conflicts of interest with other putative class members or with his counsel, that Plaintiff's counsel are competent and experienced in litigating consumer class actions—including for violations of FDCPA, that Plaintiff's counsel has been "vigorously litigating this matter since its inception, and that the parties have engaged in extensive good-faith arm's-length negotiations. ECF No. 19 at 17 (citing ECF No. 19-1 at 2, 5, 6–13 and ECF No. 19-2 at 1). Based on these unopposed assertions, the Court finds that both Plaintiff and Plaintiff's counsel will adequately represent the interests of the putative class. *See* ECF No. 19-1 at 6–11 (Declaration of Plaintiff's counsel listing the firm's extensive class action experience).

    **3.5**    **Predominance and Superiority**

Lastly, the Court determines whether any of Rule 23(b)'s classifications apply to support class certification. Plaintiff here asserts that Rule 23(b)(3) applies, namely that "questions of law or fact common to class

members predominate over any questions affecting only individual members" and that class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance and superiority requirements under this subsection ensure that certifying a class "achieve[s] economies of time, effort, and expense, and promote[s] . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). The Court finds that common issues predominate here because "the predominant question common to all class members is whether [Defendant's communications] violate the FDCPA by misleading or falsely representing to [the putative class members] that they had less than 30 days to dispute the alleged debt to have it validated by Defendant." ECF No. 19 at 18. The Court finds that this issue predominates over any individual issues that could arise among the putative class members. *Quiroga v. Olds Prods. Co. of Ill.*, No. 22-CV-390-SCD, 2024 WL 4512098, at *4 (E.D. Wis. Oct. 17, 2024) ("Rule 23(b)(3)'s predominance requirement is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (cleaned up)); *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007) (holding that class issues predominated when the "common issue [was] whether the debt collection letters that [the d]efendant sent to [the plaintiff] and the class members violate[d] the FDCPA" and the parties pointed to no individual questions that outweighed that issue).

Further, because the expected recovery would likely not warrant individual lawsuits, *supra* Section 3.1, and the Court has found both the

class representative and class counsel to be capable of adequately serving the best interests of the class, *supra* Section 3.4, class certification is the superior method of adjudication for the alleged harm Defendant caused here. *Amchem Prods.*, 521 U.S. at 616 (noting that the predominance and superiority requirements require looking at the interests of individuals in conducting separate lawsuits but that, in some cases, "these interests may be theoretic rather than practical; the class may have a high degree of cohesion and prosecution of the action through representatives would be quite unobjectionable, or the amounts at stake for individuals may be so small that separate suits would be impracticable." (quoting Fed. R. Civ. P. 23(b)(3) advisory committee note to the 1966 Amendment)).

4.  **PRELIMINARY SETTLEMENT APPROVAL**

Prior to settlement, the Court must approve the parties' Settlement Agreement and Release. *See* Fed. R. Civ. P. 23(e); ECF No. 19-1 at 15–34. The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). In making this determination, the Court considers the following factors: (1) the strength of Plaintiff's case when compared to the terms of the settlement agreement; (2) the likely complexity, length, and expense of the litigation; (3) an evaluation of the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of the proposed settlement. *Synfuel Techns., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

At this stage, all of the factors weigh in favor of finding a fair settlement in this case. Both parties assert that their cases are strong, but

Plaintiff acknowledges that "settlement will . . . avoid the great expense, inconvenience, and inherent risk of prolonged litigation," which is all the more potent give that Defendant would "challenge the propriet[y] of class certification outside the settlement context." ECF No. 19 at 21. When viewing the case in this light, the Court agrees that the Class Action Settlement's terms appear to be a fair trade-off to the ongoing contested litigation. This is further supported by the stage of litigation, which is currently pre-class certification briefing (that the parties assert would be contested) and pre-dispositive motions. *See id.* At this preliminary stage, it is unclear whether any potential class members will oppose the settlement, so the Court will not yet weigh this factor. *See Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382, at *4 (W.D. Wis. Dec. 29, 2017) ("At this point, court consideration of opposition is premature because the [class] members have not yet had the chance to voice it."); ECF No. 19 at 22. Plaintiff's counsel hold the opinion that the Class Settlement Agreement is in the best interests of the putative class members, which the Court takes as another factor in favor of preliminary approval of the agreement. ECF No. 19 at 22. Further supporting preliminary approval is the fact that the parties have reached their settlement via arm's length negotiations. ECF No. 19 at 2, 17. For all these reasons, the Court finds no barrier to preliminary approval of the Class Settlement Agreement.

The Court will note one concern that the parties should be prepared to address at the fairness hearing. The parties should further investigate whether an incentive award for the class representative that constitutes one third of the overall class settlement fund is reasonable. Based on the cases cited by Plaintiff, the Court is not convinced that it is. *Id.* at 11 (citing *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825 (7th Cir. 2018)

Page 10 of 14
Case 2:24-cv-00775-JPS   Filed 10/15/25   Page 10 of 14   Document 20

(affirming $1,000 incentive award out of a total settlement fund that was over $220,000.00 when named plaintiffs did little in litigating the case); *Pierre v. Midland Credit Mgmt.*, No. 16 C 2895, 2019 WL 11543193 (N.D. Ill. Dec. 11, 2019) (lowering proposed class representative incentive award to $4,000.00 out of a total class fund of approximately $350,000.00); and *Hollins v. Church Church Hittle + Antrim*, 2024 WL 2017861 (N.D. Ind. May 3, 2024) (awarding class representative an incentive award of $1,000.00 out of a $4,000.00 total class fund with no discussion of the amount of effort expended by the class representative)). The Court will not address the issue at this juncture, however, without the benefit of knowing whether any class member will object to that portion of the Class Settlement Agreement.

5.  **CONCLUSION**

For the reasons stated above, the Court holds that class certification of the proposed class for the purposes of settlement is appropriate and further preliminarily approves of the Class Settlement Agreement.

Accordingly,

**IT IS ORDERED** that Plaintiff Mahlon Oie's unopposed motion for preliminary approval of the parties' class action settlement and class action certification, ECF No. 19, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Federal Rule of Procedure 23 class defined in Plaintiff's motion for class certification, ECF No. 19, be and the same is hereby **CERTIFIED** for settlement purposes pursuant to Rule 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 class is defined as follows:

> All natural persons within the United States who were subjected to the Collection Activities of an alleged debt to whom Defendant sent an initial communication between June 21, 2023 and June 21, 2024 that was substantially similar or

identical to the Collection Letter as defined in the Class Settlement Agreement ¶ 13(a);

**IT IS FURTHER ORDERED** that Plaintiff Mahlon Oie shall serve as representative of the Rule 23 class;

**IT IS FURTHER ORDERED** that David McGlothlin, Mona Amini, and Gustavo Ponce of Kazerouni Law Group, APC and Matthew McKenna of Shield Law, LLC be and the same are hereby **APPOINTED** as class counsel of the Rule 23 class;

**IT IS FURTHER ORDERED** that Class-Settlement.com be and the same is hereby **APPOINTED** as Settlement Administrator for the purposes of administrating the Class Settlement Agreement, ECF No. 19-1 at 15–34; and

**IT IS FURTHER ORDERED** that:

1. The Court preliminarily approves the parties' Class Settlement Agreement, ECF No. 19-1 at 15–34, as the Court finds that the settlement terms negotiated by the parties and described in the Class Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute;

2. The Court approves the Notice of Pendency of Proposed Settlement of Class Action (the "Notice"), ECF No. 19-1 at 51–55, as it constitutes the best notice practicable under the circumstances, including individual notice to all class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

3. Within **thirty (30) days of the date of this Order**, the Settlement Administrator must mail a copy of the Notice to the putative

class members via U.S. mail, first-class, with address correction requested, and shall thereafter send a second copy of the Notice to any forwarding address provided;

4. Plaintiff shall apply for any service payment as well as attorneys' fees and costs pursuant to Rule 23(h) no later than **sixty (60) days from the entry of this Order**;

5. Class members of the Rule 23 settlement class will have **seventy-five (75) days from the entry of this Order**, as instructed in the Notice, to opt themselves out of the class;

6. Any class member who has not properly and timely opt themselves out of the Rule 23 settlement class shall be bound by the Class Settlement Agreement in the event the Court issues a final order approving the Class Settlement Agreement;

7. The Settlement Administrator shall provide a list of all Opt-Out Requests to Class Counsel and Defendant within **fourteen (14) days** of the Opt-Out deadline;

8. Any class member who wishes to object in any way to the proposed Class Settlement Agreement or to Plaintiff's application for attorneys' fees and costs must file and serve such written objections per the instructions set forth in the Notice Packet no later than **seventy-five (75) days from the entry of this Order**, as instructed in the Notice, together with copies of all papers in support of his or her position;

9. The Court will not consider objections of any class member who has not properly served copies of his or her objections on a timely basis;

10. The Court will conduct a Fairness Hearing in Courtroom 425, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202, on **Friday,**

**February 20, 2026 at 8:30 AM** to determine whether the Class Settlement Agreement should be approved as fair, reasonable and adequate and whether the proposed final order approving the Class Settlement Agreement should be entered, as well as the amount of attorneys' fees, costs, and expenses that should be awarded to class counsel and service payments that should be awarded to Plaintiff Mahlon Oie;

11. The parties shall file their joint motion for final settlement approval at least **twenty-one (30) days prior to the Fairness Hearing**;

12. A Class member intending to appear at the Fairness Hearing must file a notice of intention to appear with the Court no later than **twenty-one (21) days prior to the Fairness Hearing**; the class member is solely responsible for any related fees, costs, or expenses; and

13. At least **ten (10) days prior to the Fairness Hearing**, the Settlement Administrator shall file a declaration in compliance with the notice procedure set forth above.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge