# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAHLON OIE, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

KAMAN & CUSIMANO, LLC,

Defendant.

Case No. 24-CV-775-JPS

**ORDER**

In June 2025, Plaintiff Mahlon Oie ("Plaintiff") and Defendant Kaman & Cusimano, LLC ("Defendant") (collectively, the "Parties") entered into a Class Action Settlement Agreement ("Settlement Agreement"), which is subject to review under Federal Rule of Civil Procedure 23. ECF No. 19-1 at 15–34. Plaintiff then moved for preliminary approval of the Settlement Agreement and preliminary certification of the proposed class in the above-captioned action (the "Action"). ECF No. 19. Defendant did not oppose the motion for preliminary approval. In October 2025, upon consideration of the Settlement Agreement, Plaintiff's motion for preliminary approval, and the record in this Action, the Court preliminarily approved of the Settlement Agreement and certification of the proposed class. ECF No. 20.

In December 2025, Plaintiff filed a motion for attorney's fees, costs, and an incentive award. ECF No. 21. The matter is fully briefed—ECF Nos. 21, 22, 23—and on January 19, 2026, Defendant filed a motion for leave to file a sur-reply, ECF No. 26. In March 2026, the parties filed a stipulation agreeing that Class Counsel should be awarded $25,000.00 in attorney's fees

related to this Action ("Fee Stipulation"), ECF No. 32, thereby mooting their motion practice regarding attorney's fees.

In January 2026, Plaintiff moved for final approval of the Settlement Agreement ("Final Approval Motion"). ECF No. 28. In the Final Approval Motion, Plaintiff requested, *inter alia*, final certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed Settlement Agreement. *Id*. The Final Approval Motion was unopposed by Defendant.

On February 20, 2026, the Court held a Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. Each of the Class Members were provided the opportunity to object to the Settlement Agreement, and none filed objections.

The Court has read and considered the Settlement Agreement, Final Approval Motion, Fee Stipulation, and the record. The Court has determined that it has jurisdiction over the subject matter of the Action and over all settling parties hereto. It has further determined that this Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23 and for settlement purposes under Federal Rule of Civil Procedure 23(b)(3), and finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiff's case, the complexity,

expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

The Court will therefore grant the motion for final approval of the Settlement Agreement, ECF No. 28, and adopt the relevant terms of relief from the parties' proposed order, ECF No. 28-1. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

Accordingly,

**IT IS ORDERED** that Plaintiff Mahlon Oie's unopposed motion for final settlement approval, ECF No. 28, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3), this Action be and the same is hereby finally **CERTIFIED**, for settlement purposes only, as a class action on behalf of the following Class:

> All natural persons within the United States who were subjected to the Collection Activities of an alleged debt to whom Defendant sent an initial communication between June 21, 2023 and June 21, 2024 that was substantially similar or identical to the Collection Letter as defined in the Class Settlement Agreement ¶ 13(a).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 23, Plaintiff Mahlon Oie be and the same is hereby approved and appointed as the Class Representative;

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 23, Plaintiff's counsel David McGlothlin, Mona Amini, and

Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, be and the same are hereby appointed as Class Counsel;

**IT IS FURTHER ORDERED** that, pursuant to the Court's Preliminary Approval Order, ECF No. 20, the Settlement Administrator, Class-Settlement.com, has complied with the approved notice process as confirmed in its declaration filed with the Court; the form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's preliminary approval order, ECF No. 20, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances; the Court finds that the notice process was designed to advise the Class Members of their rights; further, the Court finds that the claim process set forth in the Settlement Agreement was followed and that the process constituted valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

**IT IS FURTHER ORDERED** that the Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement be and the same are hereby finally **APPROVED** and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court; the material terms of the Settlement Agreement include, but are not limited to, the following:

- The Settlement Administrator shall pay each of the 81 Class Members who did not timely submit an Opt-Out Request excluding themselves from the Settlement a pro rata share from the Settlement Fund, in the manner specified in the Settlement Agreement;

- The Settlement Administrator shall pay the sum of $1,000 to the Class Representative, payable through Class Counsel, as an Incentive Award for bringing and participating in this Action, in the manner specified in the Settlement Agreement; and

- The Settlement Administrator shall be paid by Defendant, Kaman & Cusimano LLC, for its costs and fees incurred for the cost of notice and settlement administration, in the manner specified in the Settlement Agreement;

**IT IS FURTHER ORDERED** that because a total of one exclusion was received from an individual named Aleksander Avanesyan, the Court hereby **EXCLUDES** this individual from the Class and the Settlement;

**IT IS FURTHER ORDERED** that this Order is **BINDING** on all Class Members, except Aleksander Avanesyan, who validly and timely excluded themself from the Class;

**IT IS FURTHER ORDERED** that the Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Settlement Agreement; pursuant to the Release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and **DISMISSED with prejudice** by virtue of these proceedings and this Order;

**IT IS FURTHER ORDERED** that this Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding;

**IT IS FURTHER ORDERED** that Plaintiff Mahlon Oie's motion for attorney's fees, costs, and incentive award, ECF No. 21, be and the same is hereby **GRANTED in part** and **DENIED in part**; it is **GRANTED** to the extent that it requests costs for Class Counsel and an incentive award for the Class Representative and **DENIED as moot** to the extent that it seeks attorney's fees; Defendant is to pay Class Counsel the sum of $999.04 in costs and the Class Representative the sum of $1,000.00 as an incentive award in the manner described in the Settlement Agreement;

**IT IS FURTHER ORDERED** that Defendant Kaman & Cusimano LLC's motion to file a sur-reply, ECF No. 26, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the parties' joint stipulation regarding Class Counsel's attorney's fee award, ECF No. 32, be and the same is hereby **ADOPTED**; Defendant is to pay Class Counsel the sum of $25,000.00 in fees in connection with this Action; and

**IT IS FURTHER ORDERED** that this Action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge